**STATE of Maine**

v.

**Larry A. MASON.**

Supreme Judicial Court of Maine.

Argued June 2, 1987.

Decided July 24, 1987.

David P. Crook, Dist. Atty., William Baghdoyan (orally), Asst. Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for plaintiff.

Sumner Lipman, William R. Stokes (orally), Lipman & Parks, Augusta, for defendant.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS,* GLASSMAN and
SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Larry Mason, appeals from the judgments entered by the Superior Court, Kennebec County, in four cases that were consolidated for trial before a jury. The jury found the defendant guilty of crimes against four different victims, including six counts of unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (Supp.1986) and one count of gross sexual misconduct in violation of 17–A M.R.S.A. § 253 (Supp.1986). On appeal the defendant contends that the Superior Court erred in denying his motion for a mistrial in the consolidated cases and excluding evidence of a statement by Richard T., the alleged victim in CR–85–474. For the reasons discussed hereinafter we agree with the latter contention and accordingly vacate the judgment in CR–85–474 and affirm the other judgments.

I

On appeal the defendant does not claim that the trial court abused its discretion by its denial of the defendant's first motion for a mistrial. He claims, however, that such great antipathy against the defendant was created in the minds of the jurors by the State's reference to Richard T.'s alleged suicide attempt in its opening statement followed by Richard T.'s testimony in that regard as to necessitate the granting of the defendant's second motion for a mistrial as to all the consolidated cases. We disagree.

The defendant moved for a mistrial following the opening statement of the State in which the State referred to a suicide attempt by Richard T., an alleged victim of the defendant. The court denied his motion. Later, during the State's direct examination of Richard T. concerning Richard's feelings about what had happened with the defendant and concerning Richard's suicide attempt, the defendant objected to the inquiry whether the suicide attempt was related to Richard T.'s relationship with the defendant and again moved for a mistrial. The trial court sustained the objection but denied the motion for a mistrial. At the request of the defendant, the court immediately gave an instruction to the jury to disregard the testimony concerning Richard T.'s suicide attempt and any effects the alleged crime may have had on him.[1]

A motion for a mistrial is addressed to the sound discretion of the trial court, and we review a denial of the motion only for an abuse of that discretion. *Brubach v. Almy*, 520 A.2d 334, 340 (Me.1987); *State v. Libby*, 435 A.2d 1075, 1078 (Me. 1981). The trial court should deny a motion for mistrial except in the rare case when the trial cannot proceed to a fair result and no remedy short of a new trial will satisfy the interests of justice. The determination by the trial court of whether the exposure to potentially prejudicial extraneous evidence incurably tainted the verdict of the jury stands unless clearly erroneous. *State v. Libby*, 435 A.2d at 1079; *see State v. Baker*, 423 A.2d 227, 231 (Me.1980).

In denying the defendant's motion, the trial court stated, "I do not feel at this point there is information before the jury which is so prejudicial that [it] would have any effect on the outcome of the case." Furthermore, we note that the question to which the defendant objected was never answered and no error can be predicated on it. We also must presume that the jury complied with the immediate and comprehensive admonition of the trial court to disregard any testimony the jury might have heard concerning Richard T.'s feeling following the event with which the defend-

---

* Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

1. At the request of the jury during its deliberations, the testimony of Richard T. was read to the jury omitting the questions and answers concerning Richard T.'s emotional state and suicide attempt following the alleged crime against him.

ant was charged or any attempts of Richard T. to take his life. *State v. Franzen*, 461 A.2d 1068, 1073 (Me.1983). Giving fair deference to the finding of the trial court and to its determination that a curative instruction would adequately protect against the jury's consideration of the matters they were instructed to disregard, we cannot say on this record that its determination was clearly erroneous. The trial court properly denied the defendant's motions for a mistrial.

## II

■ The defendant also contends that the Superior Court erred by excluding evidence of the statement of Richard T. that he would "get even" with the defendant. The defendant's wife and son testified that Richard T. was very angry with the defendant because the defendant had exposed and interfered with a romantic affair between Richard T., who was then approximately sixteen years of age, and the approximately 26-year-old, married sister-in-law of the defendant shortly before the instant charges were made against the defendant. Defendant made an offer of proof that both witnesses also would testify that Richard T. stated to each of them he would "get even" with the defendant.[2] The State's objection that the offered evidence was hearsay was sustained by the court. On appeal the defendant argues, as he did before the trial court, that the evidence was not hearsay because it was not offered to prove the truth of the matter asserted, but rather to demonstrate Richard T.'s bias and attitude toward the defendant. *See* M.R.Evid. 801(c). The defendant asserts

that the erroneous exclusion was prejudicial because Richard T.'s credibility was central to the case against the defendant on the charges relating to Richard T.

We agree with the defendant that the statements were admissible. M.R. Evid 803(3) provides a hearsay exception for statements of the declarant's existing state of mind such as intent, plan or motive.[3] The rule allows evidence of statements of present intention to perform an act as basis for an inference that the act was performed. *See* Field & Murray, *Maine Evidence* § 803.3 at 212 (1976). Richard T.'s statement was admissible to show his acknowledged hostility toward and intent to seek revenge on the defendant. The evidence could support an inference that Richard T. later "got even" by falsely accusing and testifying against the defendant.

■ The question remains whether the erroneous exclusion of Richard T.'s statement requires us to vacate the convictions. The defendant preserved the error by making offers of proof of Richard T.'s statement. *See MacCormick v. MacCormick*, 478 A.2d 678, 681 (Me.1984); M.R. Evid 103(a)(2). We will treat preserved error as harmless if we believe it highly probable that the error did not affect the judgment. *State v. True*, 438 A.2d 460, 467 (Me.1981). The jury did hear evidence that Richard T. was angry at the defendant and evidence of the circumstances that angered Richard T. Counsel for the defendant used the evidence to argue to the jury that the trial gave Richard T. an opportunity to get even with the defendant for interfering with Richard T.'s relationship with the defendant's sister-in-law. But the desired infer-

---

**2.** The defendant's counsel made an offer of proof that Barbara Mason would testify that Richard T. told her and the defendant that "he was upset with the difficulties that Larry had caused him in his relationship with [the sister-in-law] and that he was going to get even with Larry Mason." Counsel made an offer of proof that Larry Mason, Jr. would testify that Richard T. told him that "Larry, Sr. has a big mouth, and I'm going to get even with him."

**3.** Rule 803 provides in pertinent part:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(3) Then Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition such as intent, plan, motive, design, mental feeling, pain, and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

ence that Richard T. testified falsely because of his anger would have been strengthened by evidence that Richard T. expressed an intent to get revenge on the defendant. We have previously recognized the importance of evidence impeaching the credibility of the sole or principal prosecution witness. *See State v. Nelson,* 399 A.2d 1327, 1329 (Me.1979). Richard T. was the sole witness against the defendant on the two counts in CR–85–474 of which the defendant was convicted. We cannot conclude it was highly probable that this evidence pertaining to Richard T.'s credibility would not affect the judgment.

Accordingly, the entry is:

Judgment in CR–85–474 is vacated.

The judgments in CR–85–22, CR–85–605 and CR–85–663–A are affirmed.

All concurring.