**STATE of Maine**

v.

**Dennis C. NILE.**

Supreme Judicial Court of Maine.

Argued Sept. 20, 1989.

Decided Dec. 8, 1989.

Janet T. Mills, Dist. Atty., Craig E., Turner, Deputy Dist. Atty., Joseph O'Connor, Law Student Intern (orally), South Paris, for plaintiff.

Steven C. Peterson (orally), Camden, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Dennis C. Nile appeals his convictions, following a jury trial, of kidnapping, aggravated assault and tampering with a victim. Nile contends that the court erred in excluding certain statements offered to impeach the victim and to show her bias. He also challenges other evidentiary rulings and the sufficiency of the evidence to support the conviction of tampering. We hold that there was sufficient evidence to convict the defendant of tampering, but that the Superior Court (Oxford County, *Fritzsche, J.*) committed reversible error by excluding the statement offered to show the bias of the victim.

Lynn Nile testified at trial that on December 2, 1987 Dennis Nile abducted her from her place of work in Farmington[1] at about 5:30 p.m. by breaking into her car with a gun as she was preparing to drive away. At the time of the abduction their divorce was pending and a warrant for his arrest was outstanding for kidnapping with a dangerous weapon, criminal threatening with a firearm, gross sexual misconduct and possession of a firearm by a felon. His convictions in another trial on these previous charges were affirmed in *State v. Nile*, 557 A.2d 950 (Me.1989).

Lynn testified that soon after Dennis abducted her, she sprayed him with mace and he hit her with his gun, knocking her unconscious. He drove through several towns during the night he beat her repeatedly, and he sexually assaulted her. He asked her several times about dropping the charges that were the subject of the outstanding arrest warrant. The next day he turned himself in to the Farmington Police Department.

The emergency room physician who examined Lynn Nile on December 3, 1987 testified that her mental status was good, she was alert and fully oriented, but she suffered multiple injuries, she had trouble remembering some of the events of the abduction and she may have suffered a concussion. He did not conduct a sexual

---

1. Nile was indicted in Franklin County, but the case was transferred to Oxford County pursuant to M.R.Crim.P. 19.

**1088**

assault protocol because Lynn did not mention that there had been a sexual assault. On December 4, 1987 a police officer tape-recorded an interview with Lynn. On cross-examination Lynn admitted that in that interview she made no mention of Dennis having a gun or sexually abusing her. Another police officer, however, testified that Lynn told her she had been sexually abused.

Defense counsel tried unsuccessfully to elicit an admission from Lynn Nile that she told an acquaintance, Glenna Barden, that she could not tell the truth because she wanted to put Dennis in jail for the rest of his life. When counsel tried to introduce the statement through Barden, the trial court excluded it as hearsay.

Under M.R.Evid. 803(3), hearsay statements of the declarant's existing state of mind, such as intent, plan or motive are not excluded even though the declarant is available as a witness. We have stated that this rule allows evidence of statements of present intent to perform an act as a basis for an inference that the act occurred. *State v. Mason*, 528 A.2d 1259, 1261 (Me.1987). In *Mason*, we held that it was reversible error to exclude a statement by a prosecution witness that he would "get even" with the defendant. The statement was admissible to show hostility toward and intent to seek revenge against the defendant, and to support an inference that the witness achieved this by testifying falsely against the defendant. Lynn Nile's statement is admissible for the same reason.

The error, which was preserved by an offer of proof, was not harmless. Lynn was the prosecution's principal witness and evidence impeaching her credibility was important to the defense. *See Mason*, 528 A.2d at 1262. We cannot conclude that it was highly probable that evidence about the victim's credibility would not have affected the verdict. *Id.* We do not discuss the court's exclusion of other impeaching evidence because these issues may well arise in a different context during a retrial.

Although we vacate Nile's convictions, we consider his challenge to the sufficiency of the evidence of tampering in order to determine whether he is entitled to an acquittal on that charge. *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). We conclude that there was sufficient evidence at trial to enable a jury rationally to find beyond a reasonable doubt that the defendant was guilty of the crime of tampering with a victim. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.