**STATE of Maine**

v.

**Ronda RAPP.**

Supreme Judicial Court of Maine.

Argued Jan. 31, 1991.
Decided March 7, 1991.

Michael E. Carpenter, Atty. Gen., Lucinda E. White (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Robert M. Knight (orally), Scarborough, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Ronda Rapp appeals from her conviction of two counts of trafficking in methamphetamine, Class B, 17–A M.R.S.A. §§ 1102–1103 (1983 & Supp.1990), following a jury trial in the Superior Court (York County, *Delahanty, C.J.*). Finding no merit in Rapp's contentions on appeal, we affirm her convictions.

■ Rapp challenges the court's denial of her motion for sanctions against the State for its failure to produce its confidential informant, Robert "Hollywood" Owens, 48 hours prior to trial. Contrary to Rapp's contention, the State did not have a court-ordered obligation to physically produce Owens. At the time of Rapp's motion for discovery in January of 1990, the State volunteered to produce Owens 48 hours before trial as an alternative to revealing his identity and address. Subsequently, the State severed its ties with Owens as an undercover informant and did not include his name on its list of intended witnesses supplied to Rapp. When the State provided Rapp with Owens's name and last known addresses in Lewiston and, later, in Texas, it fully complied with the discovery orders of the court. The court did not abuse its discretion in refusing to impose sanctions upon the State. *See State v. Reeves*, 499 A.2d 130, 133 (Me.1985).

■ Rapp also asserts that the court abused its discretion by refusing to grant a continuance on the morning of the trial to allow her an opportunity to obtain funds necessary to transport Owens from Texas to testify at trial. When it supplied Rapp

with Owens's Texas address on June 14, 1990, a month and a half prior to trial, the State informed her that it would not pay the costs of bringing Owens to Maine. It is the defendant's burden to bear the costs of bringing out-of-state witnesses to testify in criminal proceedings, or to seek an order for the State to do so if the defendant is financially unable to pay those costs. M.R. Crim.P. 17(b).[1] Rapp had an opportunity to resolve the issue of payment of the costs on June 18, when she requested the court to issue a certificate to compel Owens's attendance at trial pursuant to 15 M.R.SA §§ 1411–1415 (1980). Rapp, however, did not bring the issue of costs to the court's attention until July 30, the day of trial. The court acted within its discretion in refusing to grant Rapp a continuance.

 Rapp further contends that the court should have permitted her to impeach the credibility of a key State's witness, Agent Richard Connelly of the Bureau of Intergovernmental Drug Enforcement, by cross-examining him at trial about the past criminal history of Owens, who was not a witness at trial. In certain circumstances, evidence of the past criminal convictions of a witness may be admitted to attack that witness's credibility. M.R.Evid. 609. Owens, however, was not a witness and his criminal record was not relevant to the credibility of Agent Connelly, who personally witnessed the drug transactions that gave rise to the charges against Rapp. The court did not abuse its discretion in excluding evidence of Owens's criminal record.

 Finally, Rapp asserts that the court erred in refusing to declare a mistrial based on Agent Connelly's rebuttal testimony that in Rapp's apartment he had seen a straw and a mirror with white powder on it that appeared to be drugs. After Rapp objected, the court found that the State had failed to sufficiently link the objects to Rapp, ordered the testimony stricken from the record, and instructed the jury to disregard it. This is not a case where a new trial is the only remedy that would satisfy the interest of justice. *See State v. Mason,* 528 A.2d 1259, 1260 (Me.1987). There was no testimony that the white powder was cocaine or another specific drug, nor was there evidence that would link the powder directly to Rapp. The court determined that a curative instruction would adequately protect against the jury's consideration of the testimony, and its refusal to grant a mistrial was within its discretion. *See id.* at 1261.

The entry is:

Judgment affirmed.

All concurring.