STATE of Maine

v.

**Dennis C. NILE.**

Supreme Judicial Court of Maine.

Argued April 30, 1991.

Decided Aug. 8, 1991.

Janet T. Mills, Dist. Atty., Craig E. Turner (orally), Deputy Dist. Atty., So. Paris, for plaintiff.

Steven C. Peterson (orally), Camden, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

For the second time, Dennis C. Nile appeals his convictions of kidnapping, tampering and assault following a jury trial in the Superior Court (Lincoln County, *Bradford, J.*). Nile asserts that the court erred in changing venue *sua sponte* over his objection and in allowing evidence of other incidents of violence between the victim and him. Nile also challenges the sufficiency of the evidence of tampering with the victim, 17–A M.R.S.A. § 454 (1983). We affirm the convictions.

I.

This case arises from the second of two episodes of violence by Nile against his estranged wife. His convictions on the first series of charges were affirmed in *State v. Nile*, 557 A.2d 950 (Me.1989) (*Nile I*). His convictions on the second series of charges were vacated in *State v. Nile*, 566 A.2d 1087 (Me.1989) (*Nile II*), because of an erroneous evidentiary ruling. Our opinion in *Nile II* adequately summarized the facts on which those charges were based. *Id.* at 1087–88. In December 1987, while the charges of *Nile I* were pending, Nile forcibly abducted his wife, physically and

sexually assaulted her and sought to induce her to drop a pending charge.

On remand of *Nile II*, Nile filed motions for change of venue, production of criminal records of prospective jurors and witnesses, production of Lynn Nile's psychiatric and psychological records, and authorization to hire an investigator. These motions were heard in January 1990, while Nile was in the Maine State Prison serving the sentences imposed in *Nile I.* The day before the motion hearing, Nile requested his attorney to inform the court of his desire to be present to argue the motions. Nile, however, never sought a writ of habeas corpus pursuant to 14 M.R.S.A. § 5545 (1980 & Supp.1990), in order to transport him to the court. Thus, the first time the court heard of Nile's desire to be present was at the motion hearing itself. Nile's counsel argued the merits of the above mentioned motions and further related to the court that Nile now objected to a change of venue. The court (*Perkins, J.*) denied the defense motions subject to further review. In April, however, the court (*Bradford, J.*) *sua sponte* transferred the case to Lincoln County. Prior to trial in that county, Nile was given an opportunity to personally renew all of his objections. Nile now challenges his convictions following the second jury trial.

## II.

■ Due to extensive pretrial publicity Nile was granted a change of venue from Franklin County, where the offenses occurred, to Oxford County prior to his first trial on these charges. After we remanded this case, Nile filed a motion for change of venue due to the extensive publicity that had by that time been generated in Oxford County. At the January 1990 motions hearing, Nile's attorney, however, stated that Nile now desired the court to either return the case to Franklin County or keep the case in Oxford County. The court, however, subsequently shifted the trial of the case to Lincoln County, admittedly for considerations of judicial administration. Nile now argues that the Superior Court committed reversible error in removing the

case from Oxford to Lincoln County, citing the Maine Constitution, article I, section 6 and 15 M.R.S.A. § 1 (1980 & Supp.1990). We disagree.

Once Nile had obtained the removal of his case from the county of original venue, Franklin County, he no longer had either a constitutional or a statutory right to trial in any particular county. Absent any showing of prejudice, Nile cannot complain of the removal of his case to any county selected by the court. Of course in the exercise of discretion in this regard, the court must consider the convenience of the parties and witnesses as well as the efficient use of court facilities. Nile's objection to trial in Lincoln County was based on its proximity to the Maine State Prison in adjacent Knox County. His claim of prejudice on that basis is purely speculative. Moreover, contrary to Nile's contention on appeal, he had full opportunity to be heard prior to trial, both by himself and by counsel, and his objection to trial in Lincoln County was fully preserved for appellate review.

## III.

■ Nile further contends that there was insufficient evidence to convict him of tampering with a victim. According to Nile, "the State failed to offer any evidence that the acts of the [defendant] were intended to force Lynn Nile to change her testimony or to absent herself from the other proceedings in any way." As pointed out by Nile, the defense did get Lynn Nile to agree that the defendant had not explicitly threatened her if she did not change her story, absent herself from the state, or drop charges against him. Nevertheless, she testified that:

A. "[Dennis] asked me to have the gross sexual misconduct ...

Q. —one of the charges—

A. One of the charges dropped and I told him that I couldn't drop the charges because I hadn't pressed them, the State did.

Q. Okay. Did he ask you not to tell about some of the incidents that were happening on December 2nd and 3rd.

A. Yes.

Q. What did he ask you not to tell about this?

A. He asked me not to tell anyone where the car was and not to mention the gun.

In the context of the violence inflicted upon Lynn Nile during the kidnapping, this testimony provided a sufficient basis on which to convict Nile of the tampering charge.

17-A M.R.S.A. § 454(1) encompasses the use of "force, violence or intimidation" with the intent to prevent the victim from giving "testimony, information or evidence" regarding a criminal investigation that is pending or that the perpetrator believes will be instituted. Nile argues that, although he "conversed" with the victim about the pending charges, there was never "any evidence provided to establish a specific intent to have the victim withhold evidence or testimony or to have her absent herself from any proceedings." We cannot accept his argument, considering the circumstances in which these "conversations" took place and considering that Nile clearly asked her to withhold information.

## IV.

 Nile also contends that the court erred in allowing evidence of past incidents of violence between him and Lynn Nile. Nile concedes that the court issued a cautionary instruction to the jury about how this evidence could be used. Nevertheless, Nile argues that "the effect of allowing this inflammatory evidence was to cause the jury to think that if the [defendant] had done these violent acts in the past, then he must have done them again in December 1987."

Rule 403 of the Maine Rules of Evidence states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In the instant case, defense counsel on several occasions tried to attack Lynn Nile's credibility, notably challenging her various statements regarding the incident and her claim that she was in fear for her life throughout the ordeal. The court then allowed testimony regarding the prior violence, cautioning the jury that it was for the very limited purpose of allowing them to consider Lynn Nile's "state of mind at the time these alleged incidents were happening in December of 1987."

The above-mentioned evidence undoubtedly helped establish that Lynn Nile was not in the car voluntarily with her husband, as defense counsel implied in his questioning, but rather played along with Dennis, as the prosecution claimed, until she felt that she was completely out of danger. Moreover, her state of mind was relevant to the issue of whether Nile "conversed" with her about the pending charges against him (as he claims) or threatened her (as the State claims in its tampering charge).

## V.

Nile raises several other issues in a separately submitted *pro se* brief. None of those issues merits discussion.

The entry is:

Judgment affirmed.

All concurring.