STATE of Maine

v.

David E. CHAPMAN.

Supreme Judicial Court of Maine.

Argued June 6, 1994.

Decided July 25, 1994.

Michael E. Carpenter, Atty. Gen., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for the State.

Valerie Stanfill (orally), Berman & Simmons, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

David E. Chapman appeals from the judgment of conviction entered in the Superior Court (Oxford County, *Fritzsche, J.*) on a jury verdict finding him guilty of murder, 17–A M.R.S.A. § 201 (1983 & Supp.1993). He contends that the trial court abused its discretion by (1) denying his oral motion for funds for an expert psychiatrist, (2) controlling the parameters of the examination of witnesses, and (3) refusing to grant Chapman's motion for a mistrial. We affirm the judgment.

During the early morning hours of October 9, 1992, the body of Richie Hutchins was found on a path behind several mobile homes on the Northwest Bethel Road in Gilead. The medical examiner determined that Hutchins died of injuries caused by a shotgun wound to the chest. Following an investigation, Chapman was arrested and charged with the murder of Hutchins, 17–A M.R.S.A. § 201 (1983 & Supp.1993), and possession of a firearm by a felon, 15 M.R.S.A. § 393 (1980 & Supp.1993). Prior to the trial, Chapman successfully moved to sever the two counts of the indictment on the ground that his defense to the murder charge would be prejudiced by the necessity of a disclosure to the jury of his previous felony conviction as the basis for the firearms charge. The court also granted Chapman's motions *in limine* to ex-

clude from evidence his prior conviction of a felony and any reference to his "being on probation, being arrested for a probation violation, or other similar references." Following a jury trial on the murder charge, Chapman was convicted and this timely appeal followed.

■ Chapman first contends that the trial court abused its discretion by denying his oral motion for funds to hire a psychiatrist as an expert witness. During the trial, the State called as a witness Chapman's sister, with whom the victim had resided. At the time of the investigation, she made certain statements to investigators relating to the events preceding Hutchins's death. During the State's direct examination of her, however, she testified that she did not recall many of these statements. She further testified to matters that were never reported to investigators, but were consistent with Chapman's contention that an alternate suspect committed the murder. She explained that during the investigation she suffered from shock and was grieving over the loss of her boyfriend, that she took unspecified amounts of prescribed valium, that she had not slept for a period of more than twenty-four hours prior to speaking with investigators, and that her memory of the events had only recently been revived. In response to the State's attempts to impeach her testimony, Chapman, out of the presence of the jury, moved orally for funds to hire a psychiatrist to testify that valium, coupled with stress and loss of sleep, can cause confusion, short term amnesia, and a high susceptibility to suggestion. The trial court denied the motion, reasoning that the proposed testimony was not beyond the knowledge of the ordinary juror, and thus would not "assist the trier of fact to understand the evidence or to determine a fact in issue" as required by M.R.Evid. 702.[1] *See State v. Rich,* 549 A.2d 742, 743 (Me.1988).

In *Rich,* we explained that a defendant seeking funds to hire an expert witness has the burden of showing that the subject matter of the expert testimony is beyond the common knowledge of the ordinary juror and that the testimony would be relevant and helpful to the jury. *Id.* at 743. Although Chapman represented to the court that he had contacted a psychiatrist, his offer of proof failed to demonstrate that the psychiatrist would in fact testify that a person's ingestion of valium during periods of stress and sleeplessness could cause the side-effects asserted by Chapman. Indeed, Chapman failed to establish any scientific basis for the proposed testimony. For expert testimony to offer an advantage over the knowledge of the ordinary juror, "it must be shown to have 'sufficient reliability to satisfy the evidentiary requirements of relevance and helpfulness, and of avoidance of confusion to the jury.'" *Id.* at 743 (quoting *State v. Gordius,* 544 A.2d 309, 311 (Me.1988)). Because Chapman's offer of proof was lacking in this regard, we find no abuse of discretion in the trial court's denial of Chapman's motion for funds to hire an expert witness.

■ Chapman next contends that the trial court abused its discretion by its control of the examination of witnesses. The court overruled Chapman's objections to the State's use of leading questions during its direct examination of Chapman's sister and ruled that Chapman would not be permitted to ask leading questions during his cross-examination of her. The trial court is vested with broad discretion in controlling the mode of examining witnesses. M.R.Evid. 611; Field & Murray, *Maine Evidence,* § 611.3 at 6–73 (3d ed. 1992). We find no abuse of that discretion in the trial court's determination that the State's limited use of leading questions was appropriate, or in the court's restriction of Chapman's use of leading questions. *See id.* § 611.4 at 6–75 (use of leading questions on cross-examination is not a matter of right; court has discretion to prohibit them if witness is biased in favor of the cross-examiner). Nor did the court abuse its discretion by determining that Chapman's girlfriend, also called as a witness by the State, was an "unwilling" witness and by

---

1. Rule 702 provides:
   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

allowing the State to examine her through the use of leading questions. M.R.Evid. 611(c). *See also State v. McFarland,* 232 A.2d 804, 808 (Me.1967) (witness is "unwilling" or "hostile" if adverse in feeling, reluctant to disclose what he knows, evasive, or false).

Chapman finally contends that the court abused its discretion by denying his motion for a mistrial after a deputy with the Oxford County Sheriff's Department testified, in violation of the court's *in limine* ruling, that Chapman was on probation. Although the State asserted that it had cautioned the witness not to refer to the prior convictions of Chapman, the deputy denied being cautioned. The trial court found that the violation was not deliberate, denied the motion for a mistrial, and, without objection, instructed the jury to disregard the witness's answer.

■ When prejudicial testimony reaches the jury, the trial court's election to grant a curative instruction instead of a mistrial is final absent an abuse of discretion. *State v. Hilton,* 431 A.2d 1296, 1302 (Me.1981). The trial court should deny a motion for a mistrial "except in the rare case when the trial cannot proceed to a fair result and no remedy short of a new trial will satisfy the interests of justice." *State v. Mason,* 528 A.2d 1259, 1260 (Me.1987). We defer to the trial court's decision because of its superior vantage point in assessing the impact of the objectionable testimony. *State v. Harnish,* 560 A.2d 5, 8 (Me.1989). On this record, we are not persuaded that the trial court abused its discretion.

The entry is:

Judgment affirmed.

All concurring.