2009 ME 22

**STATE of Maine**

v.

**Timothy D. RICKETT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2009.

Decided: March 10, 2009.

Seth Berner, Esq. Portland, ME, for Timothy Rickett.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, ME, for the State of Maine.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] Timothy D. Rickett appeals from a judgment entered in the Superior Court (Cumberland County, Gorman, J.) after a jury verdict finding him guilty of tampering with a victim (Class B), 17–A M.R.S. § 454(1–B)(A)(1) (2008), criminal threatening with a dangerous weapon (Class C), 17–A M.R.S. § 209(1) (2008),[1] two counts of assault (Class D), 17–A M.R.S. § 207(1)(A) (2008), and violating conditions of release (Class E), 15 M.R.S. § 1092(1)(A) (2008). Rickett argues that the trial court erred by (1) concluding that statements made by his wife during two 911 calls were nontestimonial and therefore could be admitted at trial without violating his rights pursuant to the Confrontation Clause of the United States Constitution and the Maine Constitution, and (2) not allowing him to question his wife as a hostile witness when he called her to testify.[2] We affirm the judgment.

---

1. Criminal threatening is ordinarily a Class D crime, but when it is committed with a dangerous weapon, the sentencing class becomes Class C. See 17–A M.R.S. § 1252(4) (2008).

2. In addition, Rickett requests that, in interpreting the Confrontation Clause, article I, section 6, of the Maine Constitution, we reject the distinction between testimonial and nontestimonial statements created by the United States Supreme Court in Crawford v. Washington, 541 U.S. 36, 67–68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and its progeny. However, we have already recognized this distinction in our Confrontation Clause analysis. See, e.g., State v. Mangos, 2008 ME 150, ¶ 11, 957 A.2d 89, 93; State v. Gorman, 2004 ME 90, ¶ 49–51, 854 A.2d 1164, 1176. Because this Court will not "disturb a settled point of law unless the prevailing precedent

## I. CASE HISTORY

[¶ 2] At around 8:30 p.m. on December 10, 2006, Timothy Rickett's wife called 911 from her cellular phone and spoke to a Maine State Police dispatcher to request that an officer be sent to her home in Gray. In response to questioning by the dispatcher, Rickett's wife stated that she and Rickett had a verbal argument that escalated and resulted in Rickett grabbing her by the throat and punching her in the face. The dispatcher asked questions to assess the situation, such as how her injuries were caused, the extent of her injuries, what had precipitated the fight, and whether Rickett had any weapons available to him. In addition to answering each of these questions, Rickett's wife informed the dispatcher that Rickett had threatened to kill her if she called the police, and that she could not leave the area because Rickett had locked the car and had taken the keys.

[¶ 3] Rickett's wife remained on the phone with the dispatcher until the police arrived. Rickett was then arrested and charged with tampering with a victim, assault, and terrorizing. He was released on bail the following morning, December 11, 2006. On that day, in violation of his bail conditions, Rickett returned to the residence he shared with his wife. He and his wife began to argue. At around 12:15 p.m., his wife placed her second 911 call by activating the 911 connection that had been installed on her cellular phone the previous day. She then hid the phone under a pillow so that it recorded the argument between her and Rickett as it was taking place.[3]

[¶ 4] Shortly thereafter, the call was disconnected, and a 911 dispatcher called back to speak with Rickett's wife. She left the house to be able to speak freely on the phone. She stated, in response to questions similar to those asked the previous day, that Rickett held her on the couch, placed a knife up against her, and threatened to harm and kill her. Rickett's wife was still on the phone with the dispatcher when Rickett's brother arrived. Rickett left the residence with his brother. The call continued after he had left the residence. Rickett was arrested that day and charged with terrorizing with a dangerous weapon, criminal threatening with a dangerous weapon, assault, and violating a condition of release.

[¶ 5] In February 2007, a grand jury indicted Rickett on all seven counts. Prior to trial, the State and Rickett filed motions in limine regarding the admissibility of the three 911 calls. The Superior Court held a hearing to determine whether the calls would be played for the jury. After listening to the tapes and the arguments of the parties, the court applied the criteria articulated in *Davis v. Washington*, 547 U.S. 813, 827, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), to determine whether the statements were testimonial or nontestimonial. The court found that: (1) Rickett's wife was speaking about events as they were actually occurring; (2) a reasonable listener would recognize that Rickett's wife was facing an ongoing emergency; and (3) when viewed objectively, the questions asked and answered were of the type necessary to allow the police to address the

---

lacks vitality and the capacity to serve the interests of justice," *Bourgeois v. Great N. Nekoosa Corp.*, 1999 ME 10, ¶ 5, 722 A.2d 369, 371 (quotation marks omitted), and because the facts of this case present no compelling reason to depart from settled law, we decline to alter our interpretation of the Confrontation Clause of the Maine Constitution.

3. Rickett concedes that the statements made during this call were nontestimonial and does not challenge on appeal the admissibility of the contents of the second 911 call.

present emergency. The court concluded that, with the exception of the portion of the third call occurring after Rickett had left the residence with his brother, all three calls consisted of nontestimonial statements.

[¶ 6] As the State prepared for trial, Rickett's wife proved difficult to locate to serve with a subpoena to testify. As a result, she did not testify as a witness for the State. At trial, the State played for the jury those portions of the 911 tapes that the court had found to be nontestimonial. The tapes provided the primary substantive evidence of the crimes in the State's case.

[¶ 7] Rickett's wife did appear to testify for Rickett during the defense case. In response to questioning by Rickett, Rickett's wife recanted her recorded statements made to the 911 dispatchers. She testified that on December 10, 2006, Rickett did not grab her by the neck or punch her in the face, but instead had "mushed" her face into the wall. She also stated that she did not recall Rickett threatening her and warning her not to call the police. Rickett's wife testified that on December 11, 2006, Rickett sat on her while she was on the couch. She stated that he was not holding a knife up to her neck and that she did not deliberately activate the 911 connection.

[¶ 8] The jury found Rickett guilty on the charges of: (1) tampering with a victim, 17–A M.R.S. § 454(1–B)(A)(1); (2) two counts of assault, 17–A M.R.S. § 207(1)(A); (3) criminal threatening with a dangerous weapon, 17–A M.R.S. §§ 209(1), 1252(4); and (4) violation of conditions of release, 15 M.R.S. § 1092(1)(A). Rickett was found not guilty of terrorizing and terrorizing with a dangerous weapon.

17–A M.R.S. §§ 210(1)(A), 1252(4) (2008). After sentencing, he filed this appeal.[4]

## II. LEGAL ANALYSIS

### A. The Confrontation Clause

 [¶ 9] Although Rickett's wife testified at trial, Rickett challenges the Superior Court's denial of his motion in limine on Confrontation Clause grounds, arguing that admitting the first and third 911 calls before his wife testified violated his rights pursuant to the Sixth Amendment of the United States Constitution and article I, section 6, of the Maine Constitution. He argues that these calls should not have been admitted because they do not meet the criteria for "nontestimonial" statements set forth by the United States Supreme Court in *Davis,* 547 U.S. at 827, 126 S.Ct. 2266. We review the trial court's denial of a motion in limine for an abuse of discretion, *State v. Allen,* 2006 ME 21, ¶ 9, 892 A.2d 456, 458, and review its legal conclusions de novo. *See State v. Drewry,* 2008 ME 76, ¶ 19, 946 A.2d 981, 988.

 [¶ 10] The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. Similarly, the Maine Constitution guarantees that "[i]n all criminal prosecutions, the accused shall have a right ... [t]o be confronted by the witnesses against the accused." Me. Const. art. I, § 6. The right to confrontation precludes the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington,*

---

4. Rickett was sentenced to concurrent terms of imprisonment resulting in an ultimate sentence of six years, with all but two years suspended, and three years of probation.

541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *see also State v. Gorman,* 2004 ME 90, ¶ 50, 854 A.2d 1164, 1176.

[¶ 11] Nontestimonial statements are not subject to Confrontation Clause restrictions. *Davis,* 547 U.S. at 823–24, 126 S.Ct. 2266; *State v. Barnes,* 2004 ME 105, ¶ 11, 854 A.2d 208, 211–12. In *Davis,* the United States Supreme Court clarified the distinction between testimonial and nontestimonial statements:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

547 U.S. at 822, 126 S.Ct. 2266.

[¶ 12] The Court further identified four criteria that may be used to distinguish a nontestimonial police interrogation from a testimonial one. Statements made to law enforcement personnel during a 911 call are nontestimonial when: (1) the caller is speaking about events as they are actually happening; (2) it would be clear to a reasonable listener that the victim is facing an ongoing emergency; (3) the nature of the questions asked and answered are objectively necessary and elicited for the purpose of resolving the present emergency; and (4) the victim's demeanor on the phone and circumstances at the time of the call evidence an ongoing emergency. *Id.* at 827, 126 S.Ct. 2266; *see also United States v. Cadieux,* 500 F.3d 37, 41 (1st Cir.2007).

[¶ 13] An interrogation that initially serves to determine the need for emergency assistance may evolve into an interrogation solely directed at ascertaining the facts of a past crime. *Davis,* 547 U.S. at 828–29, 126 S.Ct. 2266. In such a circumstance, trial courts "should redact or exclude the portions of any statement that have become testimonial." *Id.*

[¶ 14] The trial court properly found that the circumstances of Rickett's wife's 911 calls objectively indicate that their primary purpose was to enable police assistance to meet an ongoing emergency. During Rickett's wife's first and third 911 calls, she was seeking aid from the police, not recounting past events. Throughout both calls, she was outside her home while her assailant was still inside, and she lacked the ability to leave to go to a place that would be safe for her. In addition, the questions asked and answered were of the type that would allow the officers who were called to investigate to assess the situation, the threat to their own safety, and the possible danger to Rickett's wife. At the point during the third call when Rickett left, ending the immediate danger to his wife, the court concluded that the call had become testimonial and properly ordered that this portion of the call be redacted prior to trial.

[¶ 15] The Superior Court did not abuse its discretion in denying Rickett's motion in limine. The court properly identified and applied the criteria in *Davis* to evaluate which portions of the 911 calls were testimonial and nontestimonial. The 911 tapes played for the jury contained nontestimonial statements. Admitting them at trial did not violate Rickett's rights pursuant to the Confrontation Clause, even if his wife had not later appeared and testified.

[¶ 16] When a declarant is present at trial to explain an out-of-court state-

ment, the Confrontation Clause does not bar the statement's admission, even if the statement is testimonial. *Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354; *Gorman,* 2004 ME 90, ¶ 55, 854 A.2d at 1177–78. This is because testifying at trial (1) ensures that the witness will "affirm, deny, or qualify the truth of the prior statement" under oath; (2) requires the witness to submit to examination by the party objecting to the out-of-court statement; and (3) allows the jury to observe the witness, and to use those observations in assessing the witness's credibility. *California v. Green,* 399 U.S. 149, 158–59, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

[¶ 17] Rickett's wife appeared at trial as a witness for Rickett to explain the statements she had made during the course of the 911 calls. Therefore, even if the tapes had contained testimonial statements, their admission would not have violated the Confrontation Clause.

B. The Use of Leading Questions on Direct Examination

[¶ 18] Ricket challenges the court's refusal to allow him to question his wife, whom he had called as a witness, using leading questions. Usually, leading questions should not be used during the direct examination of a witness. M.R. Evid. 611(c). However, leading questions may be used when the court finds that the witness is a hostile or unwilling witness. *See id.; State v. Chapman,* 645 A.2d 1, 2–3 (Me.1994); *State v. Waite,* 377 A.2d 96, 100 (Me.1977). We review a trial court decision about the permissible mode of interrogation of a witness for an abuse of discretion. *See Chapman,* 645 A.2d at 2.

[¶ 19] During her trial testimony, Rickett's wife recanted the statements she had made to the 911 dispatchers. She denied that Rickett had seriously harmed or threatened her, and she offered a very different version of events that supported Rickett's innocence on several of the charges. Because Rickett's wife was describing events inconsistent with what she reported during the 911 calls, her trial testimony was favorable to Rickett, and her testimony was given willingly, the court did not err in declining to treat Rickett's wife as a hostile witness when called by Rickett.

The entry is:

Judgment affirmed.