*1134 RANDOLPH, Justice,
Dissenting:
¶24. Although the Court is vacating the Court of Appeals judgment and remanding for a new trial, the Court grants Maye the right to reassert his venue request, an issue I believe is foreclosed under the particular facts of this case, unless the trial court ignores our precedent. See McCune v. State, 989 So.2d 310, 316-18 (Miss.2008) (citing White v. State, 495 So.2d 1346, 1349 (Miss.1986)).
¶ 25. Maye waived his constitutional right to be tried in the county where the crime occurred when he sought and received a change of venue from Jefferson Davis County to Lamar County. The trial court granted the motion, which alleged Maye could not have and would not receive a fair and impartial trial in Jefferson Davis County, as the “public [had] prejudged the facts and circumstances of the case and [bore] ill will toward Maye given that Jones was a police officer and the son of Prentiss Chief of Police, Ron Jones, Sr.” The trial court granted the motion, changing the venue to Lamar County. Maye then filed a “Motion to Reconsider Order Granting Change of Venue,” alleging that a “Lamar County jury will not be impartial in this capital/death penalty case.” Maye requested the trial be returned to Jefferson Davis County for trial, despite this Court’s clear mandate in White and its progeny. See White v. State, 495 So.2d at 1349. The trial court granted the motion and changed venue to Marion County, where Maye was tried and convicted The Court of Appeals reversed Maye’s conviction and sentence and remanded for a new trial, finding that the trial court had violated Maye’s constitutional right to trial in Jefferson Davis County, the county where the offense occurred, the very right he chose to waive when he filed a motion to seek a trial elsewhere. Maye v. State, 49 So.3d 1140, 1147 (Miss.Ct.App.2009). The Caldwell rule, allowing for reassertion of a constitutional right under the particular facts of the case, did not apply at the time the trial court declined to return the case to Jefferson Davis County. See State v. Caldwell, 492 So.2d 575, 577 (Miss.1986) (six-year time lapse and Caldwell’s belief that the adverse effects of publicity had subsided). The State filed a petition for writ of certiorari, asking this Court to review that determination.
¶ 26. The Court of Appeals interpreted Maye’s second motion as a withdrawal of his waiver to be tried in Jefferson Davis County and found that “[a] defendant has the right to withdraw a prior waiver of a constitutional right in the absence of valid justification to refuse him the right.” Maye, 49 So.3d at 1149 (citing Stevens v. Marks, 383 U.S. 234, 243-44, 86 S.Ct. 788, 793, 15 L.Ed.2d 724 (1966)). The Court of Appeals erred when it held that the trial court’s refusal to return the case to Jefferson Davis County was reversible error, for indeed, valid justification already had been established by following Maye’s wishes and by virtue of the irrebuttable presumption established in McCune. See McCune, 989 So.2d at 316-18. The justification for prohibiting Maye’s withdrawal of the waiver of his right to be tried in Jefferson Davis County already is established by the record and our caselaw requiring the trial court to change venue. The elements that create an irrebuttable presumption in favor of granting a change of venue are:
(1) Capital cases based on considerations of a heightened standard of review;
(2) Crowds threatening violence toward the accused;
(3) An inordinate amount of media coverage, particularly in cases of
(a) serious crimes against influential families;
*1135 (b) serious crimes against public officials;
(c) serial crimes;
(d) crimes committed by a black defendant upon a white victim;
(e) where there is an inexperienced trial counsel.
White, 495 So.2d at 1349. There was an inordinate amount of media coverage of this capital trial of a black defendant who had been indicted for a serious crime against a white public official who was a member of an influential family.
¶ 27. Our law allows a defendant to waive the right to be tried in the county where the crime occurred and to seek a change of venue to preserve the right to be tried by an impartial jury. Simon v. State, 688 So.2d 791, 806 (Miss.1997). Maye is not seeking an impartial jury, but according to his pleadings, is seeking a perceived advantage of a jury with a more favorable racial composition. In rejecting Simon’s claim, we stated, “Simon did not attempt to withdraw the motion until the court had acted on this motion by granting the change of venue.” Id. Maye’s second motion was like Simon’s “conditional” motion in that Maye sought a venue with a similar racial composition to that of Jefferson Davis County.
¶ 28. Although the issue of venue can be reconsidered on remand, State v. Caldwell, 492 So.2d 575, 577 (Miss.1986) (en banc) (holding that a defendant could reassert his right to be tried in the county where the offense occurred after appellate reversal), the trial court committed no error. The facts that created the irrebutta-ble presumption in this case have not changed, only Maye’s wishes.
¶ 29. Although not enunciated as such, the principle followed in Simon was judicial estoppel. Judicial estoppel prevents a party from taking inconsistent positions in a trial. Kirk v. Pope, 973 So.2d 981 (Miss.2007). Constitutional rights are subject to the principle of estoppel. Ralston v. Cox, 123 F.2d 196, 198 (5th Cir.1941). We have prevented a defendant from taking inconsistent positions regarding his constitutional rights. In Duplantis v. State, the defendant argued on appeal that he was denied the fundamental right of access to his attorney, asserting inadequate time to confer in preparing his defense. Duplantis v. State, 708 So.2d 1327, 1337 (Miss.1998). However, the trial court had offered Duplantis the opportunity for a continuance, which he chose not to accept. Id. As he rejected the trial court’s offer of additional preparation time, we found that he could not argue on appeal the denial of a right of access to his attorney. Id. at 1336 (“[The defendant] cannot decline the trial court’s offer to grant him more time to prepare a defense, and then argue to us that his defense was inadequate because he lacked time to prepare it.”). Similarly, a defendant subject to custodial interrogation may waive certain constitutional rights and render any resulting confession admissible at trial. Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); Greenlee v. State, 725 So.2d 816, 827 (Miss.1998).
¶ 30. Other courts have been unwilling to grant defendants successive change-of-venue motions. In Maryland, a capital defendant was not entitled to a second change-of-venue motion that would have resulted in the case being returned to the original county of indictment. Pantazes v. State, 376 Md. 661, 831 A.2d 432, 439 (2003). In Arkansas, a defendant argued that he had a constitutional right to be tried in the county where the crime occurred; thus, he attempted to “withdraw” his granted motion to change venue. Dansby v. State, 338 Ark. 697, 1 S.W.3d 403, 408 (1999). On appeal, the court rejected his argument, finding that the right *1136 to be tried in the county where the crime occurred was “qualified by the defendant’s right to apply for a change of venue.” Id. Once the defendant exercised the right to change venue, the trial court had the discretion to refuse future changes. Id. A Maine court held that, once the defendant sought and received a change of venue, he no longer had a constitutional or statutory right to a trial in any particular county. State v. Nile, 595 A.2d 1047, 1048 (Me.1991). The Florida Supreme Court addressed the venue issue in a death-penalty ease with facts similar to those of this case. The court held that a trial court did not abuse its discretion in refusing to return the case to the county where the crime occurred after the defendant had agreed to an alternate venue. Kearse v. State, 770 So.2d 1119, 1123-24 (Fla.2000).
¶ 31. Although the majority allows Maye to reassert on remand a right he has waived, the trial court is bound by Simon and McCune, and such other facts that may be presented by the defendant and the State. See McCune, 989 So.2d at 316-18; Simon, 688 So.2d at 806.
PIERCE, J., JOINS THIS OPINION IN PART.