1999 ME 41

**STATE of Maine**

v.

**Eric WATSON.**

Supreme Judicial Court of Maine.

Argued Feb. 2, 1999.

Decided March 2, 1999.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty. (orally), Bangor, for State.

Jeffrey M. Silverstein (orally), Billings & Silverstein, Bangor, Eric M. Larsson, Castine, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant Eric Scott Watson appeals from judgments of conviction entered in the Superior Court (Penobscot County, *Mead, J.*) following a jury verdict convicting him on eleven counts of Class A gross sexual assault of his daughter in violation of 17–A M.R.S.A. § 253 (Supp.1998).[1] On appeal, defendant contends that the court erred by quashing a subpoena directed to his daughter's social worker, assigns error to several evidentiary rulings, and challenges the sufficiency of the evidence. Finding no error, we affirm the judgments.

[¶ 2] At trial, the daughter, then age fourteen, testified that until approximately age eight she lived with her mother and had little contact with defendant. After her mother died in a car accident in 1991, defendant obtained custody of his daughter. She testified that shortly after she moved in with defendant, he began to sexually abuse her. She stated that the abuse began with defendant putting a pillow over her face and touching her genitals and within a short time escalated to sexual intercourse. She testified that defendant sexually assaulted her on a regular basis until she disclosed the abuse to a teacher in the fall of 1996. She explained that the sexual assaults occurred as frequently as two or three times a week. She acknowledged that she disliked her stepmother, defendant's wife. With respect to one particular allegation of assault, a young friend of the daughter's testified that on an overnight visit she observed a person she believed to be defendant under a blanket with his daughter. Defendant denied the allegations and testified to several altercations between his daughter and his wife. The jury convicted defendant on all eleven counts. This appeal followed.

[¶ 3] Defendant's primary argument on appeal is that the court erred in quashing a subpoena duces tecum that defendant served shortly before trial on his daughter's social worker and excluding the social worker's testimony. The subpoena required the daughter's licensed clinical social worker to produce, prior to trial, all documents relating to her treatment of the daughter and to testify at trial. The social worker moved to quash the subpoena, asserting that a privilege prevented her from revealing information related to her during counseling. M.R.Crim. P. 17(c)[2] allows a court to quash a subpoena for the production of documentary evidence if requiring compliance would be unreasonable, oppressive, or in violation of constitutional rights.[3] At the hearing on the motion, defen-

---

1. 17–A M.R.S.A. § 253 states in pertinent part:

   1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and ...
      B. The other person, not the actor's spouse, has not in fact attained the age of 14 years.
   17–A M.R.S.A. § 253(1)(B) (Supp.1998).
   A "sexual act" is defined by the statute as:
   (1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other;
   ....
   (3) Any act involving direct physical contact between the genitals or anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.
   17–A M.R.S.A. § 251(1)(C)(1), (3) (Supp.1998).

2. Rule 17(c) states in full:

   A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable, oppressive or in violation of constitutional rights. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.
   M.R.Crim. P. 17(c).

3. The applicable statutory privilege provides in pertinent part as follows:

   Except at the request of, or with the consent of, the client, no person licensed under this

dant argued that, despite the privilege, the documents should be produced in furtherance of his right to compulsory process, specifically his right to impeach his daughter's testimony. Impliedly, defendant speculated that the documents might contain exculpatory information consistent with his theory that his daughter fabricated the allegations in order to gain her freedom from defendant's household.

[¶ 4] Also at the hearing on the motion to quash, the State explained that it would soon file a written motion in limine to exclude the social worker's testimony. The court granted the motion to quash the subpoena as well as the State's oral motion in limine to exclude the testimony.

[¶ 5] The decision to quash a subpoena duces tecum rests in the discretion of the court. *See State v. Nichols*, 325 A.2d 28, 32 (Me.1974). The principal purpose of the subpoena duces tecum is "to facilitate and to expedite the trial ... [not to] expand the discovery rights of the parties." 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 17.4 at IV–125 (1995) (citing *State v. Nichols*, 325 A.2d at 32 n. 5).[4] The decision to exclude testimony on the basis of a privilege also rests within the sound discretion of the court. *See State v. Branch–Wear*, 1997 ME 110, ¶ 15, 695 A.2d 1169, 1174.

[¶ 6] To withstand a challenge to a subpoena duces tecum, a party must make a preliminary showing to the court that the subpoena is justified. The federal counterpart to Rule 17 has been interpreted as requiring a showing by the party who issued the subpoena:

"(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

*United States v. Cuthbertson*, 630 F.2d 139, 145 (3rd Cir.1980) (quoting *United States v. Nixon*, 418 U.S. 683, 699–701, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)) (footnote omitted); *see, e.g., Bowman Dairy Co. v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951) (invalidating a wide-ranging document request in subpoena duces tecum because it was not intended to produce evidentiary materials but was merely a fishing expedition).

[¶ 7] In this case, defendant baldly asserted that the information would be used to impeach the victim based on his speculation as to what the notes might contain. In the absence of any preliminary showing that the subpoena was more than a fishing expedition, the court did not abuse its discretion in quashing the subpoena, declining to conduct an *in camera* review of the records, and excluding the testimony of the social worker.

[¶ 8] Finally, we conclude that the evidence was sufficient to support defendant's convictions and that the court did not err in the evidentiary rulings challenged by defendant.

---

chapter may be required to testify in any civil or criminal action, suit or proceeding at law or in equity respecting any information which he may have acquired in providing social work services to the client in a professional and contractual capacity if that information was necessary to enable him to furnish professional social work services to the client. However, when the physical or mental condition of the client is an issue in that action, suit or proceeding or when a court in the exercise of sound discretion deems the disclosure necessary to the proper administration of justice, no information communicated to, or otherwise learned by, that licensed person in connection

with the provision of social work services may be privileged and disclosure may be required. 32 M.R.S.A. § 7005 (1988).

4. Federal courts interpreting Fed.R.Crim.P. 17(c), which allows the court to quash a subpoena duces tecum if requiring compliance would be unreasonable or oppressive, have quashed subpoenas duces tecum when they were being utilized as discovery tools. *See, e.g., United States v. Marcello*, 423 F.2d 993, 1006 (5th Cir.1970) (stating that requiring compliance with subpoena would have been unreasonable given that it was being used as discovery tool).