TDW-Cum-4/11/20

<u>State v. Ramsey</u>, CR-10-8527 (Unified Criminal Docket – Cumberland)

Defendant Dylan Ramsey is charged with gross sexual assault and unlawful sexual contact.

Before the court are motions in limine pursuant to M.R.Crim.P. 17(d) seeking (1) production of medical, mental health, and prescription records from the physician of the alleged victim and (2) medical, psychiatric counseling, and school records from the alleged victim's high school.

The mother of the alleged victim objects to any invasion of her daughter's privacy, including in camera review by the court, and the State – to the extent it has standing – also objects. The custodians of the medical and school records have also asserted that the records in question cannot be disclosed without a court order.

At a hearing on April 5, 2011 the court directed that the medical and school records in question be provided to the clerk and sealed to await further consideration.

In <u>State v. Watson</u>, 1999 ME 41 ¶¶ 6-7, 726 A.2d 214, 216, the Law Court ruled that a trial court had correctly quashed a subpoena from the defendant seeking treatment records and testimony from a licensed clinical social worker who had been treating the alleged victim. Defense counsel had speculated that the records and testimony might provide a basis to impeach the victim or otherwise contain exculpatory information, but the Law Court concluded that the defense had not made a preliminary showing that the subpoena was anything more than a fishing expedition. Accordingly, it ruled that the trial court had not abused its discretion in quashing the subpoena and declining to conduct an in camera review of the documents.

In the <u>Watson</u> case, the records that were being sought were subject to a limited statutory privilege that allowed disclosure in the event that a court deemed such disclosure necessary to the proper administration of justice. 1999 ME 41 ¶ 3 n.3, 726 A.2d at 215 n.3. In the case at bar, the medical records are subject to confidentiality provisions under state and federal law that allow disclosure in this situation only pursuant to a court order. 22 M.R.S. § 1711-C(6)(F-1); 42 U.S.C. ¶¶ 1320d et seq. ("HIPAA"), 45 C.F.R. § 164.512(e)(1)(i). The educational records are also subject to state and federal confidentiality statutes that would allow disclosure pursuant to court order See 20 M.R.S. § 7202(2); 20-A M.R.S. § 6001; 20 U.S.C. § 1232g(b)(2)(B).

In this case the defense's basis for seeking Dr. Goodrich's records is that a Spurwink evaluation states that the alleged victim had been prescribed medication including Abilify and Wellbutrin and had a history of depression. The defense has not made any showing that those reported facts are relevant to the events in this case or to the alleged victim's credibility. Although the defense speculates that information in Dr. Goodrich's files "may" indicate that the alleged victim has "perceptual problems or paranoia," this falls into the category of a fishing expedition barred by <u>Watson.</u>

The defense's basis for seeking the alleged victim's school records is that she was entering Special Education classes due to difficulty memorizing and that the school records "may" show other causes for her accusations, including "perceptual or personal

problems." The court has no basis to infer that difficulty in memorizing schoolwork is relevant to whether a witness can remember the details of an alleged sexual assault. Moreover, speculation as to personal or perceptional problems once again appears to be a fishing expedition that the court should not allow the defense to undertake. In particular, the court cannot discern any relationship between a special education student's IEP and her credibility.

Accordingly, the defense's motions in limine are denied without prejudice to renewal if the defense makes a sufficient showing that there is some basis for its request beyond what has been suggested to date. The court has not reviewed the records in question in camera and orders that the records remain sealed in the event that the defense makes a further submission.

There are other pending motions in this case, including a motion for a <u>Clifford</u> order, and the clerk shall schedule a hearing so that those issues can be handled expeditiously given a May 9 trial exposure date.

Dated: April __11__, 2011

Thomas D. Warren
Justice, Superior Court

2

vs
DYLAN RAMSEY
105 GILMAN STREET #1
PORTLAND ME 04102

Docket No   CUMCD-CR-2010-08527

**DOCKET RECORD**

DOB: 06/04/1991
Attorney: RUBIN SEGAL
        LAW OFFICE OF RUBIN G.SEGAL
        97 INDIA STREET, FLOOR 2
        PORTLAND ME 04101
        APPOINTED 12/20/2010

State's Attorney: MEGIN ELAM

Filing Document: INDICTMENT
Filing Date: 12/09/2010

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

**1   GROSS SEXUAL ASSAULT**                    **06/01/2010 PORTLAND**
**Seq 4262   17-A   253(1)(A)**        **Class A**
   **BAILEY            / POR**

**2   UNLAWFUL SEXUAL CONTACT**                 **06/01/2010 PORTLAND**
**Seq 8410   17-A   255-A(1)(O)**      **Class C**
   **BAILEY            / POR**

## Docket Events:

12/14/2010 FILING DOCUMENT -  INDICTMENT FILED ON 12/09/2010

12/14/2010 Charge(s): 1,2
        HEARING -  ARRAIGNMENT SCHEDULED FOR 01/06/2011 @ 8:30 in Room No.  1

        NOTICE TO PARTIES/COUNSEL
12/14/2010 Charge(s): 1,2
        HEARING -  ARRAIGNMENT NOTICE SENT ON 12/14/2010
        JAMES  TURCOTTE , ASSISTANT CLERK
12/22/2010 Charge(s): 1,2
        MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 12/20/2010
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL
12/22/2010 Party(s): DYLAN RAMSEY
        ATTORNEY -  APPOINTED ORDERED ON 12/20/2010

        Attorney:  RUBIN SEGAL
01/06/2011 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 01/06/2011
        ROLAND A COLE , JUSTICE
        OR 10,000 SS, OR A MPTSC IN THE ALTERNATIVE
01/06/2011 BAIL BOND -  CASH BAIL BOND COMMITMENT ISSUED ON 01/06/2011
        ROLAND A COLE , JUSTICE
01/06/2011 Charge(s): 1,2
        HEARING -  ARRAIGNMENT HELD ON 01/06/2011
        ROLAND A COLE , JUSTICE
        Attorney:  RUBIN SEGAL
        DA:  TRACY LEADBETTER

Defendant Present in Court

DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS                    TAPE 2497
01/06/2011 Charge(s): 1,2
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 01/06/2011
           ROLAND A COLE , JUSTICE
01/06/2011 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 04/06/2011 @ 10:30 in Room No.  7

01/06/2011 Charge(s): 1,2
           TRIAL -  JURY TRIAL SCHEDULED FOR 05/09/2011 @ 8:30 in Room No.  11

           NOTICE TO PARTIES/COUNSEL
01/11/2011 OTHER FILING -  PRETRIAL SERVICES CONTRACT FILED ON 01/11/2011

01/13/2011 OTHER FILING -  PRETRIAL SERVICES CONTRACT APPROVED ON 01/12/2011
           ROLAND A COLE , JUSTICE
01/18/2011 BAIL BOND -  PR BAIL BOND FILED ON 01/13/2011

           Date Bailed: 01/13/2011
           682
03/08/2011 MOTION -  MOTION FOR FURTHER DISCOVERY FILED BY DEFENDANT ON 03/04/2011

03/08/2011 MOTION -  MOTION IN LIMINE, RULE 17 FILED BY DEFENDANT ON 03/04/2011

03/08/2011 MOTION -  MOTION IN LIMINE, RULE 17 FILED BY DEFENDANT ON 03/04/2011

03/10/2011 HEARING -  MOTION IN LIMINE, RULE 17 SCHEDULED FOR 04/05/2011 @ 1:00 in Room No.  8

03/10/2011 HEARING -  MOTION IN LIMINE, RULE 17 NOTICE SENT ON 03/10/2011

03/21/2011 HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 04/06/2011

03/25/2011 LETTER -  FROM PARTY FILED ON 03/22/2011

           Attorney: JAMES BAILINSON
           IN RESPONSE TO SUBPOENA/ MOTION IN LIMINE. COUNSEL OBJECTS TO MOTION. COUNSEL WILL BE
           PRESENT AT THE HEARING 4-5-11 @ 1:00 P.M.
04/05/2011 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 04/05/2011

04/05/2011 MOTION -  MOTION TO PRODUCE DHS RECORD FILED BY DEFENDANT ON 04/05/2011

04/12/2011 HEARING -  CONFERENCE SCHEDULED FOR 04/14/2011 @ 1:00
           THOMAS D WARREN , JUSTICE
           NOTICE TO PARTIES/COUNSEL
04/12/2011 HEARING -  CONFERENCE NOTICE SENT ON 04/12/2011

04/12/2011 MOTION -  MOTION IN LIMINE, RULE 17 DENIED ON 04/11/2011
           THOMAS D WARREN , JUSTICE
           SEE ORDER                                                ACCORDINGLY THE
           DEFENSE'S MOTION IN LIMINE ARE DENIED WITHOUT PREJUDICE TO RENEWAL IF THE DEFENSE MAKES A
           SUFFICIENT SHOWING THAT THERE IS SOME BASIS FOR IT'S REQUEST BEYOND WHAT IS SUGGESTED TO
           DTAE. THE COURT HAS NOT REVIEWED THE RECORDS IN QUESTION IN CAMERA AND ORDERS THAT THE
           RECORDS REMAIN SEALED IN THE EVENT THAT THE DEFENSE MAKES A FURTHER SUBMISSION

04/12/2011 ORDER -  COURT ORDER FILED ON 04/11/2011
          THOMAS D WARREN , JUSTICE
04/12/2011 HEARING -  MOTION IN LIMINE, RULE 17 HELD ON 04/05/2011
          THOMAS D WARREN , JUSTICE
          Attorney:  RUBIN SEGAL
          DA:  MEGIN ELAM
          MOTION IN LIMINE HELD. RECORDS RECEIVED UNDER SEAL AND IMPOUNDED. AFTER HEARING MOTION IS
          UNDER ADVISEMENT
04/12/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 04/05/2011

          RECORDS RECEIVED FROM MMC & SCHOOL UNDER SEAL AND IMPOUNDED
04/12/2011 HEARING -  DISPOSITIONAL CONFERENCE HELD ON 04/06/2011

          KEEP ON TRIAL LIST
04/12/2011 MOTION -  MOTION IN LIMINE, RULE 17 DENIED ON 04/11/2011
          THOMAS D WARREN , JUSTICE
          SEE ORDER

A TRUE COPY
ATTEST:  _____
                    Clerk