MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2014 ME 43
Docket:       Aro-13-307
Argued:       February 11, 2014
Decided:      March 18, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, <u>GORMAN</u>, and JABAR, JJ.

## STATE OF MAINE

v.

## REGINALD DUBE

GORMAN, J.

[¶1] Reginald Dube appeals from a judgment entered upon a jury verdict finding him guilty of gross sexual assault, unlawful sexual contact, and furnishing liquor to a minor. He contends that the Superior Court (Aroostook County, *Hunter, J.*) erred in denying his motion in limine and motion to continue, allowing the State to participate in a pretrial hearing on those motions, and denying his motion for judgment of acquittal. He also contends that the evidence is insufficient to support his convictions. Because we conclude that the trial court acted appropriately in its handling of motions filed on the eve of trial and did not abuse its discretion in denying those motions, and because the evidence is sufficient to support the convictions, we affirm the judgment.

## I. BACKGROUND

[¶2]  On September 8, 2011, Reginald Dube was indicted on two counts of gross sexual assault (Class B), 17-A M.R.S. § 253(2)(D) (2013); one count of unlawful sexual contact (Class C), 17-A M.R.S. § 255-A(1)(D) (2013); and one count of furnishing liquor to a minor (Class D), 28-A M.R.S. § 2081(1)(A)(2) (2013), arising from allegations that on October 10 and December 3, 2010, Dube furnished alcohol to a sixteen-year-old minor and, when she passed out and was unable to resist, subjected her to sexual contact and engaged in sexual acts with her.

[¶3]  After the case had been continued off four trial lists, a jury was finally chosen on December 5, 2012.  On December 10, 2012, two days before the trial was to begin, counsel for Dube filed two motions: a motion to continue the trial and a motion in limine for production of protected documentary evidence pursuant to M.R. Crim. P. 17(d).[1]  In the motion in limine, Dube's counsel explained that Dube had disclosed to him on December 7, 2012, that the victim had been involuntarily hospitalized at least four times before the alleged incidents, thereby

---

[1]  Effective January 1, 2014, Rule 18 was adopted to deal exclusively with a subpoenaing party whose sole interest is to obtain documents or other tangible objects by subpoena without witness attendance. *See* M.R. Crim. P. 18 Advisory Note to 2014 amend. ("New Rule 18 provides for . . . the special provisions for privileged or protected documentary evidence reproduced from Rule 17(d) . . . .  It is anticipated that subdivision (d) of Rule 18 will be applied in accordance with the four factors approvingly listed in *State v. Watson,* 1999 ME 41, ¶ 6, 726 A.2d 214.").  At the same time, Rule 17 was amended. *See id.*  Because these amendments do not apply to Dube's appeal, we refer here to Rule 17(d) as it existed prior to the January 1, 2014, amendments.

"giving rise to a concern that information related to these hospitalizations may contain exculpatory evidence." Attached to the motion were subpoenae duces tecum directed to the Aroostook Mental Health Center and Northern Maine Medical Center, commanding representatives of those institutions to "permit inspection and copying" of "any and all files or records pertaining to the treatment and or hospitalization" of the victim prior to December 3, 2010.

[¶4] The court held a hearing on the motions the next day. Dube's counsel objected to the State's participation in the hearing on grounds that it would disclose Dube's "working theory of the case." The court allowed the State to remain, explaining that it did so because the motions were inextricably linked and were filed so late in the proceedings. At the conclusion of the hearing, the court denied both motions because Dube had filed the motions nearly eleven months after the established deadline and on the eve of trial, and had failed to make the requisite showing pursuant to *State v. Watson*, 1999 ME 41, ¶¶ 6-7, 726 A.2d 214 that the motion in limine was not a "fishing expedition."

[¶5] During the two-day trial, the victim, Dube, and other witnesses offered competing versions of the events at issue. After the State rested its case, Dube moved for a judgment of acquittal, which the court denied. After closing arguments and instructions, the jury returned a verdict of "not guilty" on the gross sexual assault charge arising from the events of October 2010, and guilty verdicts

4

on the charges of gross sexual assault, unlawful sexual contact, and furnishing liquor to a minor arising from the events of December 2010. The court sentenced Dube to eight years of incarceration for the conviction of gross sexual assault, with all but five years suspended, and three years of probation; five years of incarceration for the conviction of unlawful sexual contact, to be served concurrently; and 364 days of incarceration for the conviction of unlawful furnishing of alcohol, also to be served concurrently. Dube timely appealed from the conviction and the sentence. The Sentence Review Panel denied Dube leave to appeal from the sentence.

## II. DISCUSSION

[¶6] Dube argues that the court erred in denying his motion in limine, permitting the State to participate in the pretrial hearing on that motion, and denying his motion to continue.[2] We address each contention in turn.

A.    Motion in Limine

[¶7] Dube contends that the court erred when it rejected his motion in limine, thereby denying him a meaningful opportunity to present a complete defense in violation of his constitutional rights to due process and to confront

---

[2] Dube also argues that the court erred in denying his motion to acquit and that the evidence is insufficient to support his convictions. We conclude that the evidence at trial, when viewed in the light most favorable to the State, rationally supports the jury's finding of proof of guilt beyond a reasonable doubt. *See State v. Severy,* 2010 ME 126, ¶ 8, 8 A.3d 715.

witnesses. He argues that evidence of the victim's hospitalizations would have helped establish that the victim had a motive to fabricate the events at issue.

[¶8] "To withstand a challenge to a subpoena duces tecum, a party must make a preliminary showing to the court that the subpoena is justified." *Watson*, 1999 ME 41, ¶ 6, 726 A.2d 214. A party seeking a subpoena must show, inter alia, that the application is made in good faith and is not intended as a fishing expedition. *Id.* We review a trial court's denial of a motion in limine for an abuse of discretion and its legal conclusions de novo. *State v. Rickett*, 2009 ME 22, ¶ 9, 967 A.2d 671.

[¶9] In *Watson*, we held that the trial court had not abused its discretion in quashing a subpoena duces tecum for the victim's medical records on grounds that defense counsel's speculation that the records might provide a basis to impeach the victim was no more than a fishing expedition. *See Watson*, 1999 ME 41, ¶ 7, 726 A.2d 214. In requiring a moving party to make a preliminary showing that a subpoena pursuant to Rule 17(d) is justified, we cited to federal case law that recognized that the right to compulsory process, although rooted in constitutional principles, is a restricted right whose exercise must satisfy certain threshold relevancy and evidentiary standards. *See, e.g., United States v. Nixon*, 481 U.S. 683, 707, 713 (1974) (concluding, after weighing the competing interests of the parties' rights against the "legitimate needs of the judicial process," that

generalized assertions of constitutional rights "must yield to the *demonstrated, specific need* for evidence in a pending criminal trial" (emphasis added)); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951) (invalidating a catch-all clause in a subpoena because it was "not intended to produce evidentiary materials"). Accordingly, when a defendant seeking a subpoena duces tecum cannot satisfy the *Watson* test, a trial court may restrict his right to compulsory process without impairing his constitutional rights to due process and to confront witnesses.

[¶10] The court did not abuse its discretion when it denied Dube's motion. When the court inquired whether Dube had any "good faith basis" to believe that there would be an exculpatory statement in the records, counsel for Dube replied that it would be "impossible to know," opined that he would expect some disclosure by the victim to hospital staff if the allegations[3] were true, and stated that "it matters less what is in the [records] than just the fact that [the hospitalizations] happened and who had her institutionalized." The court did not err in finding that such speculation concerning whether the sought-after records might reveal the victim's motive to fabricate, without more, was a fishing expedition. *See Watson,* 1999 ME 41, ¶ 7, 726 A.2d 214. Moreover, Dube was

---

[3] Because the records requested covered the period *before* the December 3, 2010, events that led to Dube's conviction, it is difficult to ascertain how the victim could have made a disclosure about those events.

permitted to and did cross-examine the victim at trial about her hospitalizations and her motivation to lie about Dube's actions.

B.    State's Participation in the Motions Hearing

[¶11]   Dube next argues that he was unfairly prejudiced when the court allowed the State to take part in the motions hearing because Dube was compelled to reveal his trial strategy in order to justify his motion in limine.   A criminal defendant has both a due process right to obtain evidence that bears on the determination of either guilt or punishment and a Sixth Amendment right to compulsory process to require the production of evidence.   *See United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997).   Rule 17(d) implements both the right to obtain the evidence and to require its production.   *Cf. id.* (considering the constitutional context of the federal counterpart to M.R. Crim. P. 17(d)).   Therefore, in order to protect a defendant's fundamental right to due process, trial courts may consider ex parte applications for pretrial production pursuant to subpoenae duces tecum in limited circumstances where a defendant asserts that he or she cannot make the requisite *Watson* showing without revealing trial strategy.

[¶12]  In this case, Dube made no such assertion in his motion in limine.  In fact, the language used in the motion revealed his defense strategy.  In his motion, Dube stated:

> Defendant has disclosed to his attorney that the [victim] was hospitalized . . . for some reason pertaining to her mental health no less than four times prior to the allegations that gave rise to these charges, giving rise to a concern that information related to these hospitalizations may contain exculpatory evidence . . . . Defendant's defense is grounded, in part, on the [victim's] fear of being institutionalized by her parents had the actual events of the night in question been relayed to them . . . .

The State was, therefore, already aware that Dube's defense would rest in part on the victim's motive to lie. In these circumstances, the court's decision to allow the State to be present during the motions hearing did not result in a premature disclosure of Dube's trial strategy.

C.    Motion to Continue

[¶13]   Finally, Dube argues that the court abused its discretion when it denied his motion to continue. A party seeking a continuance must show "*substantial reasons* why granting the continuance would serve to further justice." *In re Trever I.*, 2009 ME 59, ¶ 28, 973 A.2d 752. We review a court's denial of a motion to continue for an abuse of discretion, *State v. Dechaine*, 572 A.2d 130, 132 (Me. 1990), examining whether the denial had any "adverse prejudicial effect" on the movant's substantial rights and viewing each case "largely upon its own facts and circumstances," *Wright & Mills v. Bispham*, 2002 ME 123, ¶ 13, 802 A.2d 430; *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to

violate due process."). Although the trial court's discretion "must be exercised judiciously and with an eye toward fundamental fairness, even the arbitrary denial of a continuance cannot sink to the level of a due process violation unless it results in actual prejudice." *Amouri v. Holder*, 572 F.3d 29, 36 (1st Cir. 2009).

[¶14]  Dube contends that he revealed the victim's motive to fabricate the events at issue to his counsel only a few days before the scheduled trial, the records sought were relevant and competent to impeach the victim, granting the continuance would have made procurement of the records likely, counsel engaged in due diligence to obtain the evidence before trial, and the request was reasonable. Even if those assertions had been accepted by the trial court, the court was permitted to consider the timing of Dube's requested relief.  Dube's motion was filed eleven months after the court's established deadline—on the eve of trial, after multiple continuances from earlier trial lists, and after a jury had been selected.  In light of these circumstances, the court did not abuse its discretion in determining that Dube had been given sufficient time to prepare a defense and that further postponement of the trial was unreasonable. *See State v. Rastrom*, 261 A.2d 245, 247 (Me. 1970) ("The granting of a continuance . . . based upon want of time to prepare a defense rests in the sound discretion of the presiding justice." (quotation marks omitted)).  Moreover, the denial had no prejudicial effect on Dube's substantial rights because, as already explained, Dube could not make out a

preliminary *Watson* showing to support the subpoenas and he did question the victim about her hospitalizations and her motivation to lie. In short, Dube has failed to show that granting the motion to continue would have likely altered the outcome of the proceeding. *See Amouri*, 572 F.3d at 36.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jon P. Plourde, Esq., Currier and Trask, P.A., Presque Isle, for appellant Reginald Dube

Todd R. Collins, District Attorney, and James G. Mitchell, Jr., Asst. Dist. Atty., 8th Prosecutorial District, Caribou, for appellee State of Maine

**At oral argument:**

Jon P. Plourde, Esq. for appellant Reginald Dube

Todd R. Collins, District Attorney, for appellee State of Maine

Aroostook County Superior Court docket number CR-2011-387

FOR CLERK REFERENCE ONLY