MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 47
Docket:       Cum-15-262
Argued:       March 3, 2016
Decided:      March 31, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

STATE OF MAINE

v.

HOLLY MORRISON

JABAR, J.

[¶1] Holly Morrison appeals from a judgment of conviction of one count of gross sexual assault (Class A), 17-A M.R.S. § 253(1)(B) (2015), and three counts of endangering the welfare of a child (Class D), 17-A M.R.S. § 554(1)(C) (2015), entered in the Unified Criminal Docket (Cumberland County, *Moskowitz, J.*) after a jury trial. Because we conclude that the court properly excluded testimony relating to Morrison's involuntary conduct defense, we affirm.

I. BACKGROUND

[¶2] We view the evidence in the trial record in the light most favorable to the State, to determine whether a jury could rationally have found the following facts beyond a reasonable doubt. *See State v. Begin*, 2015 ME 86, ¶ 2, 120 A.3d 97.

2

[¶3]  In October 2013, Morrison and her boyfriend, Donald Cass, engaged in multiple acts of gross sexual assault against Morrison's then thirteen-year-old daughter.  Morrison has an extensive history of being sexually abused at the hands of family, foster siblings, and domestic partners.

[¶4]  At trial, Morrison never denied the contact constituting the elements of the alleged crimes,[1] but she did raise a defense of involuntary conduct.  In this effort, Morrison attempted to call a licensed counselor to testify that her history of being abused made her conduct involuntary.  Morrison's attorney explained to the court that the counselor was "in the best position to explain what her mens rea was at the time."  After considering an offer of proof regarding the counselor's expected testimony, the court concluded that involuntary conduct required "a purely reflexive act . . . not anything involving conscious or unconscious thought," and determined that the counselor's background and proffered testimony were irrelevant to such a defense.[2]  Morrison was convicted after a two-day jury trial, and sentenced to fifteen years in the custody of the Department of Corrections on the gross sexual assault charge, with all but three years suspended and four years of probation, and 364 days on the endangerment charges, to be served concurrently

---

[1]  Gross sexual assault is a strict liability crime.  17-A M.R.S. § 253(1)(B) (2015).  To be guilty of child endangerment, a defendant must have acted recklessly.  17-A M.R.S. § 554(1)(C) (2015).

[2]  After the court ruled that the counselor's testimony was inadmissible, Morrison testified as to her history of being abused and the effect she believed it had on her decision-making.  Morrison's attorney made reference to this testimony in her closing argument to the jury.

with the sentence on the gross sexual assault charge. Morrison timely appealed. *See* M.R. App. P. 2.

## II. DISCUSSION

[¶5] Morrison contends that the counselor's proposed testimony concerning her experience of abuse and its effect on her decision-making was relevant to the defense of involuntary conduct and therefore admissible.

[¶6] To be relevant, evidence must have "any tendency to make a fact more or less probable than it would be without the evidence." M.R. Evid. 401(a). We review a trial court's determination of relevancy for clear error. *State v. Dolloff*, 2012 ME 130, ¶ 24, 58 A.3d 1032.

[¶7] Involuntary conduct "is a defense that, when a person causes a result or engages in forbidden conduct, the person's act or omission to act is involuntary." 17-A M.R.S. § 103-B(1) (2015). Voluntary conduct is "the result of an exercise of [a] defendant's conscious choice to perform [it]," whereas involuntary conduct includes "reflex[es], convulsion[s], or other act[s] over which a person has no control." *State v. Case*, 672 A.2d 586, 589 (Me. 1996) (quotation marks omitted).

[¶8] Here, Morrison offered the counselor's proposed testimony to articulate her history of being abused and its effect on her ability to make appropriate decisions in the context of her relationship with Cass. In her offer of proof, she did not suggest that the counselor would express an opinion as to how

4

her traumatic experiences would spur a "reflex, convulsion, or other act over which" she had no control. *See Case*, 672 A.2d at 589. Instead, she suggested that he would discuss how these experiences had affected her judgment and reasoning.

[¶9] Morrison equates "conscious choice" with the state of mind required to commit certain crimes. This conflation misstates the nature of the involuntary conduct defense. Conscious choice is best understood by what it is not: a reflexive or convulsive action. Involuntary conduct is the result of an uncontrolled physical impetus, rather than a state of mind. *See State v. Flick*, 425 A.2d 167, 171 (Me. 1981) (distinguishing between a "non-volitional action" and "concepts of judgment and choice.").[3] We agree with the trial court's determination that the counselor's background and his expected testimony regarding Morrison's history of being abused was not relevant as to the defense of involuntariness because it would not have made a reflexive or convulsive action any more probable.

The entry is:

>Judgment affirmed.

---

[3] We made this distinction in interpreting a now-repealed statutory definition of voluntariness, which read in part: "A person commits a crime only if he engages in voluntary conduct, including a voluntary act, or the voluntary omission to perform an act of which he is physically capable." 17-A M.R.S.A. § 51(1) (1980), *repealed by* P.L. ch. 324 § 16 (effective Sept. 18, 1981).

**On the briefs:**

Amanda J. Doherty, Esq., South Portland, for appellant Holly Morrison

Stephanie Anderson, District Attorney, and Michael Madigan, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

**At oral argument:**

Kevin G. Moynihan, Esq., Fairfield & Associates, P.A., Portland, for appellant Holly Morrison

Michael Madigan, Asst. Dist. Atty., for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2014-1530
FOR CLERK REFERENCE ONLY