STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss                                    Docket No. CUMCD-CR-15-7129

STATE OF MAINE                          JUN 2 0 2016

v.                                                ORDER ON DEFENDANT'S
                                                  MOTION IN LIMINE
JEFFREY FORBES

        Defendant

        Before the court is defendant's motion in limine. Defendant seeks the alleged victim's medical and psychological records from October 29, 2014 through October 29, 2015. Defendant argues that the alleged victim's statements and behavior on film and her past statements to defendant provide a basis "to believe [she] was under the influence of prescription medicine on the night in question and that these medications exacerbated the effects of the alcohol she consumed." (Def.'s Mem. 2.) The State argues defendant has not made the required preliminary showing and his request is "nothing more than a fishing expedition." (State's Mem. 2.)

        The court has listened to the 911 recording. The alleged victim was very emotional and crying but coherent. She begins by asking for help and stating that she was abused, threatened, and thrown out of an apartment. She answered all of the dispatcher's questions clearly and appropriately, including stating the requested address and phone numbers and spelling names.

        During a discussion with law enforcement, the alleged victim described what had happened; the description was consistent with the version of events she reported during the 911 call. (CD # 4.) She continued to cry and was emotionally distraught. She answered the officer's requests for information, including names, phone numbers,

1

addresses, and birthdays, appropriately. She declined medical attention. When she realized defendant's car was not in its usual parking space, she became concerned for her son, who was at her home in Falmouth. She gave her physical address in Falmouth and GPS directions to her home. She corrected the officer when he repeated incorrectly what she had told him.

During the drive to the alleged victim's house with a law enforcement officer and a period of time at the house, the alleged victim had calmed down. (CD # 3.) She and the officer conversed during the drive about different topics, including her relationship with the defendant and his and her children. She gave directions to her home and directions for the officer's return to South Portland. The officer told her he wanted her to write a statement when they arrived at her home, which she did when they entered her house.[1] The officer said he would remain with the alleged victim until the defendant was found; only his car had been found at that time.

Defendant has not made the preliminary showing required to justify the subpoena. See State v. Watson, 1999 ME 41, ¶ 6, 726 A.2d 214; see also State v. Dube, 2014 ME 43, ¶ 9, 87 A.3d 1219; State v. Marroquin-Aldana, 2014 ME 47, ¶ 35, 89 A.3d 519. During the 911 call and the first discussion with the officers, the alleged victim was "wicked emotional" and "hysterical," as the officers described her. If her statements made during the 911 call and to the officers are true, her emotional state is not surprising. The three CDs do not, however, provide a basis to conclude she was under the influence because of alcohol or prescription medicine use, which defendant argued as the justification for the subpoena.

---

[1] The alleged victim and the officer arrived at the alleged victim's home approximately 29 minutes after the CD # 3 began. After that point and for the remaining 90 minutes of the CD, the alleged victim's statements on the audio are essentially unintelligible because of the quality of the recording. Further, the video camera was focused on the alleged victim's house, which cannot be seen because of darkness.

2

The entry is

Defendant's Motion in Limine Seeking Privileged or Protected Documentary Evidence is DENIED.

Date: June 16, 2016

Nancy Mills
Justice, Superior Court

CR-15-7129