STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-320

HOLLY MORRISON,

     Plaintiff

v.

MICHAEL MADIGAN,

     Defendant

STATE OF MAINE
Cumberland. ss. Clerk's Office

DEC 05 2017
9:13 a.m.
RECEIVED

ORDER

This action was filed by plaintiff Holly Morrison, who is representing herself, on August 16, 2017. On August 23, 2017 an order was entered allowing plaintiff to proceed without payment of fees.

No return of service in compliance with Rule 3 was filed within 90 days. On December 1, 2017 Morrison filed paperwork indicating that an unsuccessful effort had been made in Cumberland County to serve defendant Michael Madigan, described in the complaint as a prosecutor in the District Attorney's office.[1]

Moreover, in determining whether to extend the time for service, the court has reviewed the complaint. It seeks $ 3 million in damages against Madigan, purportedly on behalf of a class action, and also a dismissal of Morrison's criminal conviction. Because the court can take judicial notice of its own records and because it can consider documents that are central to plaintiff's complaint, *Moody v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10, 843 A.2d 43, the court has reviewed the file in Morrison's criminal case, CR-14-1530.

---

[1] The paperwork in question indicates that the sheriff's office had been informed that Madigan now works in the Kennebec County District Attorney's office. It does not appear that Morrison has made any attempt to effect service in Kennebec County.

Morrison cannot obtain relief from her criminal conviction by filing a civil action against the prosecutor. Morrison was convicted by a jury verdict on July 23, 2015 on one count of Gross Sexual Assault and three counts of endangering the welfare of a child. She subsequently filed a motion for a new trial that was denied by the trial court. Sentence was imposed and judgment was entered on May 1, 2015.

Morrison appealed from her conviction, but the Law Court rejected her arguments and affirmed her conviction on March 31, 2016. *State v. Morrison,* 2016 ME 47.

Thereafter Morrison sought post-conviction review, *Morrison v. State,* CR-16-2390, but her petition was denied on April 23, 2017, and the Law Court denied a certificate of probable cause to appeal on October 6, 2017. *Morrison v. State,* Docket No. Cum-17-245.

Morrison's civil claim for monetary relief is also not viable. Prosecutors have absolute immunity from civil claims arising from their actions in connection with the judicial phase of the criminal process. 14 M.R.S. § 8111(D); *Diaz-Colon v. Fuentes-Agostini,* 786 F.3d 144, 150 (1st Cir. 2015).[2] That immunity would apply to all of Madigan's alleged actions of which Morrison complains. Indeed, it is evident from Morrison's complaint that most of her grievances resulted from rulings by the trial judge – rulings that in many cases she has already unsuccessfully appealed.

Some of Morrison's claims involve evidence that she alleges to have been newly discovered. However, some or all of that evidence was raised on her motion for a new trial. To the extent that Morrison is now alleging that there is additional evidence that is newly discovered, that claim would have to be raised in her criminal case, and the two year deadline in

---

[2] For prosecutors' actions in connection with the investigative phase of a case, they are only entitled to qualified immunity as opposed to absolute immunity. However, a review of Morrison's complaint demonstrates that all of the alleged actions by Assistant District Attorney Madigan of which Morrison complains occurred during judicial proceedings.

M.R.U.C.D 33 for filing a motion for a new trial based on newly-discovered evidence expired on May 1, 2017 – three and a half months before this action was filed.

Accordingly, on further review of Morrison's complaint, the court cannot find that this action is not frivolous under M.R.Civ.P. 91(b). Accordingly, it is dismissing this action without prejudice for failure to file a return of service within 90 days, M.R.Civ.P 3, and orders that if Morrison attempts to refile a complaint with the same causes of action, she shall be required to pay the filing fee.

The entry shall be:

The complaint in this action is dismissed without prejudice pursuant to M.R.Civ.P 3. If plaintiff seeks to refile the complaint with the same alleged causes of action, she shall not be entitled to proceed without payment of the filing fee. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December  4 , 2017

Thomas D. Warren
Justice, Superior Court