MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 3
Docket:      Aro-17-66
Argued:      September 14, 2017
Decided:     January 18, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

DYLAN FULTON

HJELM, J.

[¶1]  Dylan Fulton appeals from a judgment adjudicating him of the juvenile crime of gross sexual assault (Class A), 17-A M.R.S. § 253(1)(C) (2017); *see also* 15 M.R.S. § 3103(1) (2017) (defining "juvenile crime"), entered by the Juvenile Court[1] (Presque Isle, *O'Mara, J.*) following an adjudicatory hearing.  We affirm the judgment.

[¶2]  Contrary to Fulton's contention, the evidence—viewed in the light most favorable to the State, *see State v. Milliken*, 2010 ME 1, ¶ 19, 985 A.2d 1152—was sufficient for the court to rationally find beyond a reasonable doubt that the State proved every element of the offense and that the crime

---

[1]  When exercising its jurisdiction over juvenile matters, the District Court is referred to as the Juvenile Court.  *See* 15 M.R.S. § 3101(1), (2)(A) (2017).

2

occurred within the period of limitations, *see* 17-A M.R.S. § 101(1) (2017); 15 M.R.S. § 3105-A (2017).

[¶3]   Fulton also asserts that the court deprived him of due process when it denied his motion for production of Department of Health and Human Services records without conducting an *in camera* review.   The court did not abuse its discretion denying Fulton's motion, *see State v. Dube*, 2014 ME 43, ¶ 8, 87 A.3d 1219, because even if Fulton had filed the motion pursuant to M.R.U. Crim. P. 17A(f),[2] rather than 22 M.R.S. § 4008(3)(A-1) (2017), he would not have made the preliminary showing of relevancy, admissibility, and specificity required by Rule 17A(f).   *See also State v. Marroquin-Aldana*, 2014 ME 47, ¶ 34, 89 A.3d 519; *Dube*, 2014 ME 43, ¶ 9, 87 A.3d 1219 (when a defendant does not satisfy the requirements of Rule 17A(f), "a trial court may restrict [the defendant's] right to compulsory process without impairing his constitutional rights to due process and to confront witnesses.").

[¶4]   Finally, Fulton argues that the investigative and adjudicatory processes and the outcome of this case do not comport with the policies of the Juvenile Code.  *See* 15 M.R.S. § 3002 (2017).   Because this argument was not

---

[2]  The Maine Rules of Unified Criminal Procedure apply to proceedings involving juvenile crimes. *See* 15 M.R.S. § 3309 (2017); M.R.U. Crim. P. 1(b)(3).

raised in the Juvenile Court, we review for obvious error and find none. *See State v. Corrieri*, 654 A.2d 419, 422 (Me. 1995).

[¶5]  Although we summarily dispose of Fulton's essential challenges on appeal, we write to address one aspect of the latter argument: that the reach of the juvenile offense of gross sexual assault at issue here is too broad because it allows for the prosecution of minors who may be too young to be appropriately subject to the juvenile justice system.

[¶6]  As Fulton acknowledges, thirty years ago we rejected a similar challenge to the since-repealed crime of gross sexual misconduct, *see* 17-A M.R.S. § 253(1)(B) (1983),[3] which criminalized a sexual act committed against a person younger than fourteen years old and not the offender's spouse, but without setting a minimum age of the offender. *See State v. Edward C.*, 531 A.2d 672 (Me. 1987).  In that case, the juvenile—who was thirteen years old at the time of the offense—argued that the Legislature's purpose underlying that statute was to "criminalize the exploitation of children, not to penalize the children themselves." *Id.* at 673.  We concluded that there was "much merit in this argument" but that the plain language of

---

[3]  Title 17-A M.R.S.A. § 253(1)(B) (1983) was repealed and replaced by P.L. 1989, ch. 401, § A-4 (effective Sept. 30, 1989) (codified at 17-A M.R.S. § 253(1)(B) (2017)), which designated the same conduct as a form of gross sexual assault, and that replacement statute has since been amended, most recently by P.L. 2003, ch. 711, § B-2 (effective July 30, 2004) (codified at 17-A M.R.S. § 253(1)(A), (B), (C) (2017)).

4

the statute could not be read to set a minimum age of the accused. *Id.* at 673-74.

[¶7]   The same is true with respect to the definition of gross sexual assault found in section 253(1)(C), which states: "A person is guilty of gross sexual assault if that person engages in a sexual act with another person and . . . [t]he other person, not the actor's spouse, has not in fact attained 12 years of age." By the plain terms of this statute, any person—regardless of age—can be prosecuted for this crime.[4]   Thus, the concern we acknowledged in *Edward C.* persists and may call for an examination of whether parameters should be legislatively imposed on the universe of juveniles who may be

---

[4]   In this way, Title 17-A M.R.S. § 253(1)(C) (2017) stands in marked contrast to many of the sexual offenses established in Title 17-A. For example, a number of the other definitions of gross sexual assault are directed against persons who are in adult employment or in adult familial or professional relationships with the victim at the time of the offense. *See, e.g.*, 17-A M.R.S. § 253(2)(E-G) (2017) (applicable to teachers, supervisors, or other adults with authority over the victim); 17-A M.R.S. § 253(2)(H) (2017) (applicable to parents, step-parents, or guardians); 17-A M.R.S. § 253(2)(I) (2017) (applicable to mental health physicians or licensed social workers where the victim is a patient or client of that person); 17-A M.R.S. § 253(2)(J) (2017) (applicable to owners or operators of specific facilities or institutions from which the victim receives services and is recognized as having an intellectual disability or autism); 17-A M.R.S. § 253(2)(K) (2017) (applicable to owners, operators, or employees of specific facilities from which the victim receives mental disability services or care and the mental disability is reasonably apparent or known to that person); and 17-A M.R.S. § 253(2)(L) (2017) (applicable to a caregiver employed to care for the victim who is of advanced age or suffers from a physical or mental disease, disorder or defect, and is unable to care for him- or herself). This contrast is further demonstrated by a number of formulations of the crime of sexual abuse of minors, such as those directed against persons who are at least five or ten years older than their victims, *see, e.g.*, 17-A M.R.S. § 254(1)(A) (2017) (applicable to offenders at least five years older than their victims who are either fourteen or fifteen years of age); 17-A M.R.S. § 254(1)(A-2) (2017) (applicable to offenders who are at least ten years older than the victim, who is either fourteen or fifteen years of age); or against persons who are at least twenty-one years old and employed at an educational facility where the victim, either sixteen or seventeen years old, is enrolled, 17-A M.R.S. § 254(1)(C),(E) (2017).

considered truly culpable for the conduct proscribed by section 253(1)(C) and brought into the juvenile justice system.

[¶8]  The concern is particularly acute because section 253(1)(C) criminalizes the conduct—the actus reus—by itself.  Therefore, unlike nearly all other statutes that define major crimes, this offense is nominally a strict liability crime because it does not require the State to prove any culpable mental state.  *See State v. Proia*, 2017 ME 169, ¶ 11 n.3, 168 A.3d 798; *State v. Morrison*, 2016 ME 47, ¶ 4 n.1, 135 A.3d 343.  The absence of an explicit mens rea requirement in section 253(1)(C) does not mean, however, that the Legislature intended the statute to apply even when the proscribed conduct is not accompanied by culpability.  To the contrary, sexual offenses that do not include an explicit mens rea element are still intended to criminalize conduct that is inherently aberrant and, at least impliedly, signifies fault.  *See State v. Saucier*, 421 A.2d 57, 59 (Me. 1980) (recognizing that the former gross sexual misconduct statute, which had no mens rea requirement, was "based on the premise that one person cannot accidentally or innocently induce another person to engage in sexual intercourse by means of a threat").[5]

---

[5]  This observation should not be seen as an assertion that the State is required to prove a culpable state of mind an as element of a sexual offense that, as defined by statute, does not include such an element.  Rather, the discussion in the text relates to the reasons why the Legislature has enacted those statutes as it has.

6

[¶9] Not every child, however, who engages in the conduct proscribed by section 253(1)(C)—something that is sufficient for a prosecution and adjudication of that crime—does so with the fault that the Legislature has impliedly attributed to that conduct. As was explained at Fulton's dispositional hearing by the forensic psychologist who performed a court-ordered evaluation of him, *see* 15 M.R.S. § 3309-A(4) (2017), considerations of human sexual development allow a distinction to be drawn between juveniles who are at least twelve to fourteen years old, and those who are younger,[6] because there are material differences between those groups in terms of motivation, intent, and responsiveness to treatment for inappropriate sexual behavior. The psychologist explained that although age is a factor relevant to the question of culpability and risk of re-offense, there are other material factors to be considered such as exposure to domestic violence, emotional or mental health issues, and a history of other sexual misconduct.[7]

---

[6] The evidence indicated that Fulton was approximately ten to twelve years old at the time of the offense.

[7] In its dispositional order, the court did not state whether it accepted the analysis offered by the forensic evaluator, and Fulton did not move for the court to issue findings beyond the limited explanation it provided for the disposition imposed, which was an indeterminate and fully probated commitment to the Department of Corrections until age twenty-one. *See* M.R.U. Crim. P. 23(c). Therefore, our reference to several portions of the expert's testimony presented in this case should not be seen either as an adoption of her opinion or a diminishment of differing views regarding the

[¶10]   Section 253(1)(C), however, does not account for any of those developmental considerations that are central to the question of juvenile culpability for conduct that, depending on the particular circumstances, can range from benign to dangerous and damaging.  This raises the question of whether the Legislature in fact intended section 253(1)(C) to apply even against a child who engages in the conduct prohibited by that statute, but whose age and other characteristics do not properly warrant a prosecution and adjudication because of the absence of culpability.  These and other factors, such as the profound impact a sexual assault can have on a victim, illustrate the complex and dynamic nature of the matrix that the Legislature may choose to identify in its determination of who should be subject to a juvenile adjudication pursuant to section 253(1)(C), which presently provides no limitations.

[¶11]   For these reasons, the Legislature may wish to review section 253(1)(C) to consider how that statute is most effectively and appropriately applied in juvenile cases to achieve the purposes of the Juvenile Code, *see* 15 M.R.S. § 3002.

---

measure of culpability that should—or should not—be attached to juvenile sexual misconduct in various circumstances.  We describe this testimony merely to explain, as we discuss in the text, that, at least in the view of some experts, the question of juvenile culpability rests on considerations that may be different from those that are germane to adult prosecutions.

The entry is:

Judgment affirmed.

---

Tina Heather Nadeau, Esq. (orally), The Law Office of Tina Heather Nadeau, PLLC, Portland, for appellant Dylan Fulton

Todd R. Collins, District Attorney, and Carrie L. Linthicum, Dep. Dist. Atty. (orally), Prosecutorial District 8, Presque Isle, for appellee State of Maine

Presque Isle Juvenile Court docket number JV-2014-49
FOR CLERK REFERENCE ONLY