STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                   PORTLAND
                                                  Docket No. CUMCD-CR-22-4759

STATE OF MAINE                    )
                                  )
          Plaintiff               )
                                  )
v.                                )          ORDER ON DEFENDANT'S
                                  )          DISCOVERY MOTIONS
                                  )          AND MOTION TO STRIKE
                                  )
SETH BRIGGS                       )
                                  )
          Defendant               )

Pending before the Court are Defendant's Motion for Discovery filed on April 17, 2023, Motion to Require State to Produce Expert Report filed on April 24, 2023, Motion for Discovery via Issuance of Subpoena filed on April 27, 20230, and Motion to Strike filed on May 8, 2023. The Court heard oral argument on the motions on May 2, 2023. Assistant District Attorney Christopher Coleman, Esq. appeared and argued on behalf of the State and Attorney David Bobrow, Esq. appeared and argued on behalf of the Defendant. After the hearing the Court received the Defendant's Motion to Strike the State's Response to his Motion for Discovery via Issuance of Subpoena, which is addressed herein.

### 1) Discovery Motions

By his Motion dated April 17, 2023, Defendant seeks communications between Detective Jennings and Trooper Smith, the Hancock County District Attorney's Office, and Greg Mitchell; information on Detective Jennings credentials; and information on Detective Jennings expertise and interviewing techniques. In addition, Defendant has moved for production of an expert report by the State should they utilize any expert witness. The Defendant's Motion for Issuance of Subpoena seeks a Court order for the production of documentary evidence that may be subject

1

to privilege, confidentiality or privacy protections under federal law, Maine Law or the Maine Rules of Evidence. Specifically, the Defendant seeks the production of the complainant's phone records and the names of all the students who were on the school bus at the time the incident took place. The State does not object to producing an expert report if it intends to use an expert witness, nor does it object to Giglio material related to Detective Frank Jennings and Trooper Christopher Smith. However, the State does object to the remaining requests and argues that the Defendant's motions constitute a "fishing expedition by the defense into the prosecution file" without showing that any of the documentary evidence is necessary or material to his defense as required by M.R. U. Crim. P. 16 and 17A.

### A. *Discovery pursuant to M.R.U. Crim. P. 16*

Defendant's Motion for Discovery seeks an order compelling the State to provide an extensive list of documentation pertaining to Detective Frank Jennings, including, but not limited to, any and all of his communications with Christopher Smith, former DA Matthew Foster, Giglio material, complaints made against him, prior investigations, law enforcement manuals relied upon, etc. (See Def's Mot. Discovery ¶¶1-15.)

Maine Rule of Unified Criminal Procedure 16(c)(1) provides in pertinent part that "a defendant may make a written request to have the State provide any other ... papers, documents, electronically stored information, photographs (including motion pictures and videotapes), or copies or portions thereof, or tangible objects ... that are *material and relevant* to the preparation of the defense." M.R.U. Crim. P. 16(c)(1) (emphasis added). Although this rule is to be "liberally interpreted and applied, [ ] that does not mean that every specific discovery request made by the defendant must or should be granted." *State v. Cloutier*, 302 A.2d 84, 87 (Me. 1973). The rule

"precludes a fishing expedition by the defense into the prosecution file, and requires the defendant to show necessity for the inspection. *Something more than a bare allegation* by the defendant or his counsel that the items are material and the request is reasonable [is] required" *Id.* (emphasis added).

Here, the Defendant offered no authority to support his request, nor has he shown that the request is reasonable. At hearing, the Defendant argued that the Detective's report is clearly biased against him and that he is entitled to challenge that report and examine the Detective's communications and personnel records in order to prepare a defense. The Court finds that while some of this information might be helpful for impeaching the Detective's credibility, the Defendant has not shown how these records—beyond the required Giglio material—are relevant, especially when he may subpoena the Detective and Trooper to appear as witnesses. *See State v. Lepenn*, 2023 ME 22, ¶ 23, __A.3d__. The Court finds that Defendant's request is an unreasonable "fishing expedition" based on the Defendant's allegation that the Detective, Trooper, and District Attorney's office are conspiring against him. For these reasons, the Defendant cannot show that the request is necessary or reasonable.

Therefore, the Court hereby ORDERS the Defendant's Motion for Discovery dated April 18, 2023 is DENIED.

B. *Motion in limine for issuance of subpoena pursuant to M.R.U. Crim. P. 17A*

Maine Rule of Unified Criminal Procedure 17A "provides the process by which a defendant may seek disclosure of privileged or confidential records." *State v. Olah*, 2018 ME 56, ¶ 23, 184 A.3d 360. A party seeking issuance of a subpoena duces tecum for such evidence must make a preliminary showing of:

3

(1) the particular documents sought by the subpoena with a reasonable degree of specificity of the information contained therein; (2) the efforts made by the moving party in procuring the information contained in the requested documents by other means; (3) that the moving party cannot properly prepare for trial without such production of the documents; and (4) that the requested information is likely to be admissible at trial.

M.R. U. Crim. P. 17A(f). The court must then determine whether the moving party has sufficiently set forth the relevancy, admissibly, and specificity of the requested documents. *Olah*, 2018 ME 56, ¶ 23. This rule requires the moving party to "show, *inter alia*, that the application is made in good faith and is not intended as a fishing expedition." *State v. Dube*, 2014 ME 43, ¶ 8, 87 A.3d 1219. The decision to deny a motion *in limine* and "quash a subpoena duces tecum rests in the discretion of the court." *State v. Watson*, 1999 ME 41, ¶ 5, 726 A2d 214. The Law Court has held that subpoenas for confidential records that are sought solely because of the possibility that those records *may* contain impeachment material may be quashed without *in camera* review. *State v. Cianchette*, No. CR-15-1373, 2015 Me. Super. LEXIS 201, at *1–2 (July 31, 2015) (citing *Watson*, 1999 ME 41 ¶ 7).

The Defendant is seeking to subpoena the complainant for her cell phone records and the school for the names of all students on the school bus at the time of the incident both of which may be subject to claims of confidentiality or privilege. The Defendant argues that he requires access to this information because it is necessary to perform a separate, independent investigation from the one done by Detective Jennings in order to properly prepare a defense. Defendant maintains that there is potentially exculpatory material in these sources which Detective Jennings used to create his investigatory report, but that the none of the students he

4

interviewed or attempted to interview were identified or disclosed to the Defendant, and the Detective never independently reviewed the entirety of the complainant's phone records.

Regarding the evidence of the names of the students on the school bus, the Court finds the Defendant has made the requisite showing of specificity. According to the State, the Detective "interviewed or attempted to interview most if not all students ... who were on the bus." (State's Response to Def.'s Mot. Subpoena, ¶ 7.) The Defendant has identified that Detective Jennings report did not provide the identities of the students it interviewed or attempted to interview and that the students on the bus are potential witnesses. The relevance and admissibility of the potential student witness testimony is apparent, and the Defendant cannot adequately prepare a defense without such material evidence. Therefore, the Court finds the Defendant has demonstrated that he is seeking this information in good faith and a subpoena is justified.

In addition, this information is subject to discovery because it is within the State's custody and control by virtue of the Detective's investigation. The Detective has knowledge of which students are potential witnesses, whether they were interview or not, and that information is potentially exculpatory and must be discoverable to the Defendant. Should the State fail to provide that information in a timely manner, the Defendant may issue subpoena on the school for the identities of all the students who were on the school bus when the incident occurred. In either case, this information should be provided to the Defendant by listing each student's initials and their parent or guardian's name and contact.

As to the Defendant's request for access to the complainant's phone records from September 2021 to July 1, 2022, the Court does not find that the Defendant has met the

5

requirements of Rule 17A.    Defendant argues that he needs all the complainant's communications within this period for the issue of completeness but does not offer any specific reason why communications from before the incident would be relevant or admissible.  Rather, the Defendant is speculating that there may be potentially relevant, useful information contained therein.  This does not meet the threshold showing of specificity, relevancy, or admissibility required by the rule and is more akin to an impermissible fishing expedition.

Therefore, the Court hereby GRANTS in part and DENIES in part the Defendant's Motion for Issuance of Subpoena.  The State is hereby ORDERED to provide to the Defendant the names and contact for all the students were on the school bus who are potential witnesses as known by Detective Jennings within 7 days of the date of this Order.

## 2) Motion to Strike

In the State's Response to Defendant's 4/27/23 Motion to Issue a Subpoena, the State made the following statements of fact which the Defendant argues are demonstrably false and should be stricken:

> 1. On June 6, 2022 Defendant was a teacher who rubbed and caressed the inner thigh of a 14 year old student as they passed through Cumberland County on a School Bus returning from a field trip to Fun Town.
> …
> 4. On June 6, 2022 the complainant contemporaneously reported the above described unlawful sexual touching to another minor on the school bus via instant message….

(State's Response, ¶¶ 1, 4) (Def.'s Mot. Strike, ¶¶ 5-6.) Defendant argues that the Motion put forth by the State is false and scandalous and represents "a continued unethical attempt to embarrass the Defendant and try to entice him to resolve this matter." (Def. Mot. Strike, ¶ 4.) Defendant asks this Court to strike the State's Response as a sanction.

The Court has discretion to strike any redundant, immaterial, impertinent, or scandalous matter. M.R Civ. P. 12(f). The Defendant argues that the motion put forth by the Government is "false and scandalous." (Def.'s Mot. Strike, ¶ 9.) In addition, M.R.U. Crim. P. 7(d) provides, the court on motion of the defendant may strike surplusage from the indictment or information. Although this motion is not an indictment, the court may strike information if it finds that doing so would protect the defendant from irrelevant, immaterial, or prejudicial allegations contained in the indictment or information. *See State v. Grant*, 266 A.2d 232, 235 (Me. 1970). "It also carries out the general purpose of the rules to assure that a criminal pleading be a short, simple, concise, and plain statement of the offense charged. It proves a means whereby a defendant can avoid the potential prejudicial effect of excessive but unnecessary allegations." *Id.* (quotations omitted).

"Motions to strike as surplusage will be granted only where it is clear that the allegations complained of are not relevant to the charges contained in the indictment and are inflammatory and prejudicial." *Id.* Furthermore, "the state may not allege noncriminal acts in order to open the door to damaging evidence." *Id.* (quotations omitted)

Since the allegedly scandalous and false statements the Government made were contained in a pretrial, discovery motion and not in the indictment or at trial before a jury, it seems unlikely that the Defendant will be prejudiced by the statements. The statements may be inflammatory or embarrassing to the Defendant, but they are neither irrelevant nor immaterial to the underlying charge of unlawful sexual touching, 17-A M.R.S. § 260(1)(J). Moreover, the Defendant is not without a remedy, *e.g.,* a motion *in limine,* to exclude any prejudicial evidence in further proceedings before this Court.

Therefore, the Court hereby ORDERS the Defendant's Motion to Strike is DENIED.

The Clerk is directed to incorporate this Order on the docket by the following notation: "Defendant's Motion for Discovery DENIED, Defendant's Motion to Require the State Produce an Expert Report GRANTED, Defendant's Motion for Issuance of Subpoena GRANTED in Part and DENIED in part, Defendant's Motion to Strike DENIED."

Date: 10 July 2023

Hon. Jed J. French
Judge, Unified Criminal Docket

8